[No. A097650. First Dist., Div. Five. Jan. 31, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER JOHN GOLDBERG, Defendant and Appellant.

COUNSEL

Edward G. Duree for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Eric D. Share and Nancy H. Tung, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEVENS, Acting P. J.**—Christopher John Goldberg (Goldberg) appeals from a sentence imposed after he violated the terms of his probation. He contends the trial court erred by refusing to reinstate his probation pursuant to Penal Code section 1210.1, subdivision (e)(3)(D). We disagree and affirm the judgment.

### I. FACTS AND PROCEDURAL HISTORY

In January 1995, Goldberg was charged with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)); transportation of not more than 28.5 grams of marijuana (Health & Saf. Code, § 11360, subd. (b)); possession of diazepam (Health & Saf. Code, § 11377, subd. (a)); possession of a device for smoking a controlled substance (Health & Saf. Code, § 11364); driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a)); being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)); and being unlicensed to drive the type of vehicle he was driving (Veh. Code, § 12500, subd. (b)). The complaint was later amended to charge a prior conviction for driving under the influence (Veh. Code, § 23152, subd. (b)).

In May 1995, Goldberg pled no contest to count 1 (transporting methamphetamine) and count 5 (driving under the influence of a controlled substance). The remaining counts were dismissed. The stipulated facts supporting the no contest plea to count 1 were that Goldberg "drove with methamphetamine in a car."

The court suspended imposition of sentence and ordered Goldberg placed on formal probation for three years with certain terms and conditions, including that he serve 90 days in county jail, report to and comply with all orders of his probation officer, and abstain from the use of alcohol and illegal drugs.

On January 26, 1996, Goldberg's probation was summarily revoked after he twice tested positive for methamphetamine in December 1995 and January 1996, in violation of the terms of his probation. A warrant was issued for his arrest.

Over five years later, Goldberg was arraigned on the arrest warrant. In August 2001, he admitted he had violated the terms of his probation by testing positive for methamphetamine and failing to report to his probation officer.

According to the probation report, Goldberg was aware of the arrest warrant and admitted he had no excuse for not turning himself in. He conceded he had consumed alcohol approximately twice a month and used illegal drugs, but denied having a substance abuse problem. The probation department concluded Goldberg was not an appropriate candidate for a continued grant of probation, due to his "highly questionable" motivation to comply with probation, denial of any alcohol or drug problem, and his five-year stint on warrant status.

Goldberg maintained his probation should nevertheless be reinstated based on Penal Code section 1210.1, subdivision (e)(3)(D).[1] As discussed *post*, that subdivision dictates whether probation should be revoked upon violation of a drug-related condition of probation, where the defendant was on probation for a nonviolent drug possession offense on the effective date of the Substance Abuse and Crime Prevention Act of 2000. (See § 1210.1.) The trial court ruled that Goldberg was not eligible for treatment under section 1210.1, because he had suffered a conviction for a misdemeanor unrelated to the use of drugs (driving under the influence of a controlled substance) in the same proceeding as his conviction for the nonviolent drug possession offense. (See § 1210.1, subd. (b).)

Goldberg was sentenced to state prison for the low term of two years on count 1, and a concurrent six-month sentence as to count 5. This appeal followed.

---

[1] Unless otherwise indicated, all further section references are to the Penal Code.

## II. Discussion

 Goldberg claims his probation should have been reinstated under section 1210.1, subdivision (e)(3)(D), notwithstanding his misdemeanor conviction for driving under the influence of a controlled substance. Because the issue turns on the interpretation of a statute, we review the trial court's decision de novo. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].)

### A. *Substance Abuse and Crime Prevention Act of 2000*

In November 2000, the voters of California passed Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, codified at sections 1210, 1210.1, and 3063.1. In general, Proposition 36 requires probation and drug treatment, rather than incarceration, for a defendant convicted after its effective date of a nonviolent drug possession offense, such as transportation of methamphetamine for personal use. (§§ 1210.1, subd. (a), 1210, subd. (a).)

However, under section 1210.1, subdivision (b)(2), Proposition 36 sentencing is *not* available to "[a]ny defendant who, *in addition* to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a *misdemeanor not related to the use of drugs* or any felony." (§ 1210.1, subd. (b)(2), italics added.) The phrase, "a misdemeanor not related to the use of drugs" is statutorily defined as "a misdemeanor that does not involve (1) the simple possession or use of drugs or drug paraphernalia, being where drugs are used, or failure to register as a drug offender, or (2) any activity similar to those listed in paragraph (1)." (§ 1210, subd. (d).) Consequently, a person convicted of a nonviolent drug possession offense cannot avail himself of the mandatory probation provision of section 1210.1, if he was convicted in the same proceeding of a misdemeanor unrelated to drugs.

While section 1210.1, subdivision (a), applies to persons *convicted* of a nonviolent drug possession offense, subdivision (e) of the statute applies to persons who *violate their probation*. In particular, section 1210.1, subdivision (e), applies both to persons who were granted probation under section 1210.1, subdivision (a), and to persons on probation for a "nonviolent drug possession offense" on the statute's effective date. (§ 1210.1, subd. (e)(3)(D).) As pertinent here, both categories of probationers are treated the same: the first violation of a drug-related probation condition will lead to revocation if the state proves the defendant poses a danger to the safety of others; a second violation will lead to revocation if it is shown he poses a

danger to the safety of others or is not amenable to drug treatment; upon a third such violation, the probationer is no longer eligible for probation under section 1210.1, subdivision (a). (§ 1210.1, subd. (e)(3).)

As we have mentioned, on the effective date of Proposition 36, Goldberg was on probation for a nonviolent drug possession offense *and* driving under the influence of a controlled substance. He then violated two conditions of his probation and, after Proposition 36 was passed, appeared for his revocation hearing and requested Proposition 36 treatment. The court rejected the request and revoked his probation, ruling he was barred from treatment under Proposition 36 pursuant to section 1210.1, subdivision (b), because one of his convictions (driving under the influence) was a misdemeanor unrelated to drugs. Goldberg contends the bar of section 1210.1, subdivision (b), does not apply to him, because (1) under the terms of section 1210.1, subdivision (e)(3)(D), probation must be reinstated unless the People prove he is a danger to the public, regardless of section 1210.1, subdivision (b); and (2) his conviction for driving under the influence was not an offense unrelated to drugs, and thus did not trigger the bar of section 1210.1, subdivision (b), in any event.

### B. *Applicability of Subdivision (b) to Subdivision (e)(3)(D)*

In pertinent part, section 1210.1, subdivision (e)(3)(D) reads: "If a defendant on probation at the effective date of this act *for a nonviolent drug possession offense* violates that probation . . . by violating a drug-related condition of probation, . . . [t]he trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence that the defendant poses a danger to the safety of others." (Italics added.)[2]

The issue before us is whether section 1210.1, subdivision (e)(3)(D), applies to Goldberg, who was on probation for a nonviolent drug possession offense *and* driving under the influence on the effective date of the statute. The People do not address this issue. We conclude section 1210.1, subdivision (e)(3)(D), does not apply.

---

[2]Section 1210.1, subdivision (e)(3)(D), reads: "If a defendant on probation at the effective date of this act *for a nonviolent drug possession offense* violates that probation either by being arrested for a nonviolent drug possession offense, or a misdemeanor for simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or any activity similar to those listed in paragraph (1) of subdivision (d) of Section 1210, *or by violating a drug-related condition of probation,* and the state moves to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. *The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence that the defendant poses a danger to the safety of others.* If the court does not revoke probation, it may modify probation and impose as an additional condition participation in a drug treatment program." (Italics added.)

The manifest purpose behind Proposition 36 was to divert into treatment those persons whose *only* offenses were nonviolent drug possession offenses. Proposition 36 explained its intent, among other things, to (1) "divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses"; and (2) "enhance public safety by reducing drug-related crime and preserving jails and prison cells for serious and violent offenders, and to improve public health by reducing drug abuse and drug dependence through proven and effective drug treatment strategies." (Prop. 36, § 3, as approved by voters, Gen. Election (Nov. 7, 2000).) Section 1210.1, subdivision (b), underscores this purpose, by limiting probation under section 1210.1, subdivision (a), to defendants who have not been convicted in the same proceeding of a misdemeanor unrelated to drugs or any felony.

Granting Proposition 36 treatment to a probationer who, like Goldberg, was convicted of a crime *unrelated* to drug possession as well as a drug possession offense, would be directly contrary to the purpose of the statute.

Notably, section 1210.1, subdivision (e), treats the probation violations of probationers who were on "probation . . . for a nonviolent drug possession offense" at the effective date of the statute, *the same* as those of probationers subjected to probation under section 1210.1, subdivision (a). It is logical to assume, therefore, that the phrase "probation . . . for a nonviolent drug possession offense" was intended to mean probation for a nonviolent drug possession offense only, consistent with sections 1210.1, subdivisions (a) and (b). In other words, section 1210.1, subdivision (e), applies to probationers who had been convicted of nonviolent drug possession offenses only, whether the conviction occurred after the enactment of section 1210.1 (and thus under § 1210.1, subd. (a)), or before.[3]

The interpretation Goldberg posits would result in an absurdity. Goldberg would not have fallen within the provisions of Proposition 36 if his convictions had occurred after the effective date of section 1210.1; there is no reason for him to become subject to its lenient provisions simply because he has now *violated his probation.* Indeed, such a proposition is all the more untenable since Goldberg violated his probation before the enactment of section 1210.1, and his revocation hearing took place after the enactment

---

[3]Section 1210.1, subdivision (e)(3)(F), which refers to a third violation of probation "for a nonviolent drug possession offense," provides that the probationer is no longer eligible for "continued probation under *subdivision (a).*" (Italics added.) This may further reflect the intent that a "nonviolent drug possession offense" in section 1210.1, subdivision (e)(3)(D), should mean a nonviolent drug possession offense only, as under section 1210.1, subdivisions (a) and (b).

only because he refused to surrender on the arrest warrant for five years. Certainly it is not within the intent of Proposition 36 to reward Goldberg for his continuing violation of the law.

In any event, Goldberg was not entitled to Proposition 36 treatment regardless of our construction of section 1210.1, subdivision (e)(3)(D). Although the parties do not address the issue, Goldberg's probation was revoked not only for violation of a drug-related condition (testing positive for methamphetamine), but also for failing to report to his probation officer. Under section 1210.1, subdivision (e)(2), if a defendant receives probation under section 1210.1, subdivision (a), and violates a *non*-drug-related condition of probation, the court may revoke his probation. The court should have no less power to redress the violation of a non-drug-related probation condition where, as here, the probationer was never entitled to Proposition 36 treatment in the first place.

At bottom, section 1210.1, subdivision (e)(3)(D), is unavailing to Goldberg, because he was not on probation for a nonviolent drug possession offense *only*.

### C. *Driving Under the Influence*

██ Goldberg argues that, even if the limitation in section 1210.1, subdivision (b), applies to his circumstances, the subdivision does not bar his claim to probation.

Section 1210.1, subdivision (b), precludes Proposition 36 treatment if the defendant was convicted, in the same proceeding as his nonviolent drug possession conviction, of a misdemeanor unrelated to the use of drugs. (§ 1210.1, subd. (b)(2).) Goldberg contends his conviction for driving under the influence (Veh. Code, § 23152, subd. (a)) *was* a drug-related misdemeanor offense. In the complaint against him in 1995, he points out, it was alleged he was under the influence of methamphetamine and possessed a smoking device for methamphetamine, suggesting the charge for driving under the influence was related to the use of drugs. Furthermore, at his sentencing in 2001, defense counsel represented to the court that Goldberg had been under the influence of drugs, and the People never challenged this characterization.[4]

But, the term a "misdemeanor not related to the use of drugs" is *statutorily* defined as "a misdemeanor that does not involve (1) the simple possession or

---

[4]Goldberg waived preparation of a presentence report at the time of his probation grant. The probation department was unable to obtain original police reports for the underlying offense or any other information regarding the facts of the case, at the time of his resentencing.

use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or (2) any activity similar to those listed in paragraph (1)." (§ 1210, subd. (d).) While driving under the influence, even of methamphetamine, may involve the simple possession or use of drugs and "activit[ies] similar," it also involves the *additional* act of driving a motor vehicle while impaired. Because this additional act creates a danger to the public, driving under the influence is not "related to the use of drugs" within the meaning of section 1210, and precludes sentencing under Proposition 36. (*Trumble v. Superior Court* (2002) 103 Cal.App.4th 1011, 1015-1018 [127 Cal.Rptr. 297].)

Goldberg has not established error in the trial court's revocation of his probation.

III. DISPOSITION

The judgment is affirmed.

Simons, J., and Gemello, J., concurred.