[No. C040863. Third Dist. Apr. 1, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
JESUS ESPARZA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Stan Cross and Susan J. Orton, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ROBIE, J.**—This case presents two questions concerning eligibility for drug treatment programs established by Proposition 36. First, may a trial court send a defendant to prison for violating probation in a *nondrug* case when the violation is a new conviction for a drug possession felony? Second, if the trial court does send a defendant to prison for violating probation in the nondrug case, is the defendant still eligible for Proposition 36 drug treatment in the drug possession case?

Proposition 36, the Substance Abuse and Crime Prevention Act of 2000 (Act), was approved by voters on November 7, 2000. The Act took effect on July 1, 2001, and is codified at Penal Code sections 1210, 1210.1, 3063.1,[1] and division 10.8 (commencing with § 11999.4) of the Health and Safety Code. Proposition 36 requires the court to grant probation and drug treatment to any defendant convicted of a nonviolent drug possession offense and prohibits incarceration as a condition of probation. (§ 1210.1, subd. (a).)

In this case, defendant was on probation for a non-drug-related felony, with execution of a three-year prison sentence suspended, at the time he

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

committed the drug possession felony. The trial court sentenced him to prison on both cases.

We conclude that defendant was ineligible for Proposition 36 treatment on the non-drug-related felony, even though the drug possession felony was the cause of his probation revocation. We hold the trial court retained jurisdiction to order execution of the suspended prison sentence for the non-drug-related felony. We also hold that since defendant was sent to prison and is unavailable to participate in a Proposition 36 drug treatment program, he also may be sentenced to prison on the drug possession felony.

We affirm the judgment with modifications.

## FACTUAL AND PROCEDURAL HISTORY

On October 6, 1999, defendant pled guilty to felony vandalism (§ 594, subd. (b)(2)) in case No. SCR2513 (the vandalism case).[2] On November 10, 1999, the trial court sentenced defendant to three years in prison, but suspended execution of sentence and placed him on four years' probation.

On September 29, 2001, defendant was arrested for possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)), resulting in the filing of case No. 02SCR5046 (the felony drug case).

On January 9, 2002, a preliminary hearing was held in the felony drug case, which also served as a probation revocation hearing in the vandalism case.[3] Defendant was held to answer in the felony drug case and probation was revoked in the vandalism case.

On March 1, 2002, defendant pled guilty to possessing methamphetamine in the felony drug case and to possessing methamphetamine in a misdemeanor drug case. The trial court directed the probation department to consider a commitment of defendant to the narcotics addict program at the California Rehabilitation Center (CRC).

On March 22, 2002, after a contested hearing, defendant was sentenced to prison on the felony drug case and the vandalism case. Defense counsel

[2]According to the probation officer's report, defendant and his companions broke out the windows of a car with baseball bats. Further discussion of the facts of the crime is unnecessary to this appeal.

[3]Before beginning the hearing, defendant was served with declarations supporting an additional probation violation stemming from another arrest on December 22, 2001, for misdemeanor possession of methamphetamine and possession of drug paraphernalia.

acknowledged that defendant told the probation officer that he was not an addict and did not want to go to CRC. However, defendant told the trial court he had a problem with drugs and that treatment would be a "good idea." No mention was made of Proposition 36 or outpatient drug treatment.

The trial court ordered execution of the three-year suspended prison sentence in the vandalism case. The trial court denied probation in the felony drug case and sentenced defendant to eight consecutive months in prison, for a total term of three years eight months.

## DISCUSSION

### I

Defendant contends that he should not have been sentenced to prison because he was convicted of a nonviolent drug offense and was eligible for probation under Proposition 36. Defendant argues that the statute lists discrete criteria for ineligibility for Proposition 36 drug treatment, none of which apply to him. Defendant points out that the disqualifying factors listed in the statute do not include the situation presented here, in which a defendant is on probation for a non-drug-related offense, but then is convicted of a qualifying drug offense.

The People counter that Proposition 36 does not cover defendant's 1999 conviction for felony vandalism or any probation violations for that conviction because it is not a "nonviolent drug possession offense." The People argue that defendant failed to request Proposition 36 treatment at sentencing; therefore, he should be estopped from arguing the issue because his 1999 negotiated plea called for the imposed sentence. Finally, the People argue that defendant was ineligible for Proposition 36 treatment under section 1210.1, subdivision (b)(4), which disqualifies defendants who refuse drug treatment, inasmuch as he had failed to comply with probationary drug treatment in the past and was opposed to drug treatment at CRC.

### A

*Proposition 36 Comprehensive Sentencing Scheme*

Proposition 36 established a comprehensive sentencing scheme for certain drug offenders. As discussed in a number of recent cases, the purpose of Proposition 36 is "[t]o divert from incarceration into community-based substance abuse treatment programs non-violent defendants, probationers and parolees charged with simple drug possession or drug use offenses."

(Prop. 36, § 3; *People v. Murillo* (2002) 102 Cal.App.4th 1414, 1417 [126 Cal.Rptr.2d 358]; *In re DeLong* (2001) 93 Cal.App.4th 562, 569 [113 Cal.Rptr.2d 385].) The scheme offers these offenders the opportunity to participate in structured outpatient drug treatment programs in lieu of incarceration. The drug treatment programs are monitored and regulated by statute, and the program providers must report directly to the probation department. Within seven days of the court's order, the probation department must notify the drug program provider. (§ 1210.1, subd. (c).) Within 30 days of the notice, the drug program provider must prepare a treatment plan for the defendant. (*Ibid.*) Drug treatment services may not exceed 12 months or no more than 18 months for follow-up care. (§ 1210.1, subd. (c)(3).) Significantly, qualifying drug programs may not be located in a prison or jail facility. (§ 1210, subd. (b).)

The plain language of the statute defines eligibility for outpatient drug treatment. Section 1210.1 states, in relevant part: "(a) Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. The court may also impose, as a condition of probation, participation in vocational training, family counseling, literacy training and/or community service. A court may not impose incarceration as an additional condition of probation."[4]

Subdivision (b) sets forth five exceptions to eligibility for *otherwise eligible* defendants, which can be summarized as: 1) conviction of prior strike offenses within five years; 2) convictions in the same proceeding for a nondrug misdemeanor or for any felony; 3) firearm involvement; 4) refusal of drug treatment; and 5) two prior failures in Proposition 36 treatment programs and proof of unamenability to drug treatment. (§ 1210.1, subd. (b).)

Finally, the statutory scheme includes detailed rules barring incarceration for those probationers who are on probation for nonviolent drug possession offenses. In pertinent part, section 1210.1, subdivision (e)(3) governs drug-related probation violations. "If a defendant *receives probation under subdivision (a)*, [for a nonviolent drug possession offense] and violates that probation either by committing a nonviolent drug possession offense, or a misdemeanor for simple possession or use of drugs or drug paraphernalia,

---

[4]The statutory scheme also permits participation in Proposition 36 treatment by certain parolees who only violate parole by committing nonviolent drug possession offenses or who violate drug-related parole conditions. (§ 3063.1, subd. (a).) Significantly, the plain language of this statute does not require that parolees be on parole for a drug offense.

being present where drugs are used, or failure to register as a drug offender, . . . or by violating a drug-related condition of probation," (italics added) then a system for adjudicating such probation violations follows. As we recently discussed in *People v. Davis* (2003) 104 Cal.App.4th 1443, 1448 [129 Cal.Rptr.2d 48], the revocation standards of section 1210.1, subdivision (e), are exclusively applicable to those defendants on probation for nonviolent drug possession offenses. For those defendants only, Proposition 36 supercedes the trial court's general power to revoke probation under sections 1203.2 and 1203.3. (*Davis*, at pp. 1447-1448; *People v. Murillo, supra*, 102 Cal.App.4th at pp. 1418-1421.)

B

*Proposition 36 Does Not Apply to Drug-related Probation Violations When the Underlying Offense Is Not Drug Related*

In determining whether defendant was eligible for Proposition 36 treatment for the probation revocation in the vandalism case, we are guided by the plain language of the statute. The statute does not include any language applicable to defendants on probation for nondrug crimes. All of the provisions barring incarceration for probation violators refer solely and explicitly to defendants on probation for drug crimes. It is the underlying offense that controls.[5]

As recently explained in *People v. Goldberg* (2003) 105 Cal.App.4th 1202, 1208 [130 Cal.Rptr.2d 192], "Granting Proposition 36 treatment to a probationer who . . . was convicted of a crime *unrelated* to drug possession as well as a drug possession offense, would be directly contrary to the purpose of the statute."

We decline the invitation to expand the statutory umbrella to include drug-related probation violations for nondrug offenses. If the drafters of the initiative had intended this unambiguous language to include all probationers, we assume they would have said so. "The drafters of Proposition 36 knew how to exclude the application of other sentencing statutes when they wanted to do so." (*In re Mehdizadeh* (2003) 105 Cal.App.4th 995, 1003 [130 Cal.Rptr.2d 98].) Defendant was not eligible for Proposition 36 treatment on the vandalism case.

This is not to say that the trial court could not have exercised its discretion to reinstate defendant's probation on the vandalism case in order to permit

---

[5]The statute applicable to parolees, in contrast, is directed to the nature of the violation, not the underlying offense. (§ 3063.1.)

defendant to take advantage of the Proposition 36 programs in the felony drug case. The important point, however, is that the trial court was *not required to do so*. In the vandalism case, the trial court retained its general power under sections 1203.2 and 1203.3 to determine whether the violation was true and to make a disposition order that could result either in reinstatement of probation or in execution of the suspended prison sentence. (*People v. Murillo, supra,* 102 Cal.App.4th at pp. 1418-1421.)

C

*The Trial Court Was Not Required to Place Defendant in a Drug Treatment Program for a Drug Offense When Defendant Had Been Sentenced to Prison on a Non-drug-related Offense*

The question remains whether defendant was eligible for Proposition 36 treatment on the felony drug case. We conclude defendant was eligible for Proposition 36 treatment on the felony drug case under the statutory criteria *only if he had not been sent to prison for the vandalism case*. However, because defendant was sent to prison with no access to drug programs administering Proposition 36 drug treatment, the trial court was not required to engage in the superfluous act of placing a defendant on probation when he could not participate in the treatment program required as a condition of that probation. We do not construe statutes to create absurd results. ■ " '[I]t is fundamental that a statute should not be interpreted in a manner that would lead to absurd results.' " (*People v. Bryant* (1992) 10 Cal.App.4th 1584, 1600 [13 Cal.Rptr.2d 601]; *People v. Davis, supra,* 104 Cal.App.4th at pp. 1447-1448.)

■ In order to accomplish its purposes, the statutory scheme includes extensive requirements for participation in outpatient drug treatment programs and rehabilitative probation conditions. Defendant had, through his prison sentence for the vandalism case, become unable to participate in those programs or to comply with mandatory probation conditions. To claim that he should nevertheless have received a grant of probation on the drug offense while in prison on the vandalism case defies common sense and the letter of the law.[6]

Defendant could not participate in any approved drug program while incarcerated. Section 1210 explicitly provides: "The term 'drug treatment program' or 'drug treatment' does not include drug treatment programs

---

[6]We dare to suggest that this claim is also not in defendant's best interest. In order to avoid a de facto consecutive sentence, California law provides a procedure to have probationary sentences revoked when a defendant receives a prison sentence. (§ 1203.2a.)

offered in a prison or jail facility." (§ 1210, subd. (b).) Additionally, the statute requires that drug treatment begin within seven days of the trial court's order, by the probation department notifying the drug treatment provider, and the provider designing a treatment plan within 30 days. (§ 1210.1, subd. (c).) Neither the probation department nor any drug program provider could provide timely services to a prison inmate.

Therefore, had a Proposition 36 order for outpatient treatment continued after defendant had been delivered to state prison, probation revocation would inevitably be scheduled and accomplished under section 1210.1, subdivision (c)(1) and (2). That section provides procedures by which a drug treatment provider and the probation department may petition the court to revoke probation because a defendant is entirely "unamenable" to drug treatment. We conclude that defendant is "unamenable" when he is unavailable to participate in Proposition 36 programs within the statutory time periods because of his prison sentence.[7]

### D

*Defendant Did Not Waive His Proposition 36 Argument by Not Requesting Drug Treatment*

■ We disagree with the People that since defendant did not "request" Proposition 36 treatment, he has "waived" the issue for appellate review. When a defendant is eligible for Proposition 36 treatment, it is mandatory unless he is disqualified by other statutory factors, including refusing drug treatment. (§ 1210.1, subd. (b)(4).) Placement of eligible defendants in Proposition 36 programs is not a discretionary sentencing choice made by the trial judge and is not subject to the waiver doctrine. (*People v. Welch* (1993) 5 Cal.4th 228, 237 [19 Cal.Rptr.2d 520, 851 P.2d 802].)

### II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is modified to include imposition of a laboratory fee of $50 under Health and Safety Code section 11372.5, a state penalty assessment of

---

[7]Because defendant was not eligible for probation and drug treatment on the felony drug case due to his prison sentence on the vandalism case, we need not reach the People's arguments that defendant was "unamenable" to drug treatment on other grounds. Similarly, we do not find that defendant "refused" drug treatment as a condition of Proposition 36 probation, although we recognize his failures to participate in past probationary drug treatment programs and his lack of interest in CRC.

*See footnote, *ante*, page 691.

$50 under section 1464, and a county penalty assessment of $35 under Government Code section 76000. The superior court is ordered to issue a modified abstract of judgment and to forward a certified copy to the Department of Corrections. As modified, the judgment is affirmed.

Scotland, P. J., and Callahan, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 25, 2003. George, C. J., did not participate therein.