[No. C042104. Third Dist. Feb. 13, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
WALTER MARIO FERRANDO, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Statement of Facts and part I of the Discussion.

COUNSEL

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson and Jo Graves, Assistant Attorneys General, Charles A. French and John A. Thawley, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SIMS, Acting P. J.—Defendant Walter Mario Ferrando appeals his conviction for opening or maintaining a place for the use or sale of methamphetamine (Health & Saf. Code, § 11366),[1] as well as the sentence imposed following his conviction. He contends (1) there was insufficient evidence to support the instruction and conviction on an aiding and abetting theory and (2) the court erred in refusing to sentence him under Proposition 36.

In the published portion of the opinion, we shall conclude defendant was ineligible for Proposition 36 sentencing. In the unpublished portion of the opinion, we reject defendant's other contention. We shall therefore affirm the judgment.

---

[1] Undesignated statutory references are to the Health and Safety Code.

## STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## RELEVANT PROCEDURAL HISTORY

Defendant was charged with two counts of possession of methamphetamine (§ 11377, subd. (a)), one count of possession of methamphetamine for sale (§ 11378), one count of maintaining a place for the use or sale of methamphetamine (§ 11366), a misdemeanor count of possession of less than an ounce of marijuana (§ 11357, subd. (b)), and one count of sale or transportation of methamphetamine (§ 11379, subd. (a)).

Following a jury trial, defendant was convicted on all counts, except for possession of methamphetamine for sale, on which he was acquitted.

Defendant requested that he be sentenced under Proposition 36. The court denied defendant's request, suspended imposition of sentence, and placed him on formal probation for three years, conditioned on his serving 180 days in county jail.

## DISCUSSION

### I.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II.

Defendant claims the trial court erred in denying his request for the benefits of sentencing under Proposition 36. Under Proposition 36, subject to certain exceptions, "any person convicted of a nonviolent drug possession offense shall receive probation." (Penal Code, § 1210.1, subd. (a).) Defendant contends, "[a] violation of section 11366 [opening or maintaining a place for the use or sale of methamphetamine], at least in this case, qualifies as a 'nonviolent drug possession offense.' " We disagree.

Section 11366 provides in pertinent part: "Every person who opens or maintains any place for the purpose of unlawfully selling, giving away, or using any [specified] controlled substance . . . shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison."

---

*See footnote, *ante,* page 917.

■ A conviction of this offense requires proof of "opening" or "maintaining" a place for a purpose proscribed by the statute. (*People v. West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409] [decided under former section 11557].) For that reason, section 11366 is not a lesser offense included in the offense of possession of a controlled substance. (*Id.* at p. 612.)

Under Penal Code section 1210, subdivision (a), "[t]he term 'nonviolent drug possession offense' means the unlawful personal use, possession for personal use, or transportation for personal use of any controlled substance identified in Section 11054, 11055, 11056, 11057 or 11058 of the Health and Safety Code, or the offense of being under the influence of a controlled substance in violation of Section 11550 of the Health and Safety Code. The term 'nonviolent drug possession offense' does not include the possession for sale, production, or manufacturing of any controlled substance."

■ "[T]he purpose of Proposition 36 is '[t]o divert from incarceration into community-based substance abuse treatment programs non-violent defendants, probationers and parolees charged with *simple drug possession or drug use offenses*.' [Citations.]" (*People v. Esparza* (2003) 107 Cal.App.4th 691, 695–696 [132 Cal.Rptr.2d 377], italics added.) Expressly excluded from the definition of " 'non-violent drug possession offenses' " are drug charges that are commercial in nature, i.e., "sale, production, or manufacturing of any controlled substance." (Pen. Code, § 1210, subd. (a).)

■ Contrary to defendant's argument, he is not "precisely the type of offender at which Proposition 36 was aimed." "[T]he ballot argument in favor of Proposition 36 indicates 'the initiative was intended to exclude any defendant who was more than a 'simple,' 'nonviolent' drug offender: "Proposition 36 . . . only affects those guilty of simple drug possession." ' [Citation.]" (*People v. Glasper* (2003) 113 Cal.App.4th 1104, 1114 [7 Cal.Rptr.3d 4].) The offense of opening or maintaining a place "for the purpose of unlawfully selling, giving away, or using any controlled substance" is not a simple possession offense. Rather, it is more like the commercial offenses expressly excluded from the provisions of Proposition 36. Because it is more like a commercial offense than a simple possession offense, we conclude that a defendant convicted of opening or maintaining a place "for the purpose of unlawfully selling, giving away, or using any controlled substance" is not eligible for Proposition 36 sentencing.

## DISPOSITION

The judgment is affirmed.

Davis, J., and Hull, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 28, 2004. Werdegar, J., did not participate therein.