[No. C040921. Third Dist. Jan. 23, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
EDDIE LEE WANDICK, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 976.1(b) and 976.1, this opinion is certified for publication with the exception of parts I and II.

**COUNSEL**

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, J. Robert Jibson and Charles Fennessey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HULL, J.**—A jury convicted Eddie Lee Wandick of possession of cocaine base (Health & Saf. Code, § 11350, subd. (a)). He was sentenced to three years in state prison.

On appeal from the judgment, defendant contends that (1) the trial court erred in making certain in limine rulings, which prevented him from fully presenting his defense; (2) there was insufficient evidence that the amount of cocaine base in his possession was a usable quantity; and (3) the trial court violated Proposition 36 by failing to place him on probation. We affirm the judgment.

## FACTS AND PROCEEDINGS

On July 8, 2001, Sacramento police took the intoxicated defendant into custody following a fight with his brother. Officers Gullion and Halstead escorted defendant into the booking area of the county jail where Officer Hidalgo conducted a search. The search was recorded by a surveillance camera, and the videotape was played for the jury.

At the beginning of the search, defendant repeatedly requested that he be allowed to take the shoelaces out of his shoes; each time the request was refused. When defendant removed his left shoe, a piece of paper fell to the floor. Officer Hidalgo testified that he saw the paper fall out of defendant's shoe although the videotape is inconclusive on this point.

Hidalgo picked up the paper and handed it to Officer Halstead. Halstead opened the paper and observed a dry, chalk-like substance on it. The substance was the size of half a peanut and weighed .3 gram. Halstead and Gullion performed a "[V]altox" test on it, which is a presumptive test to determine the presence of narcotics. The test was positive for a central nervous system stimulant and cocaine base.

The paper was then sent to the police crime laboratory for analysis. The laboratory performed a presumptive test, followed by a confirmatory test. The item was found to contain cocaine base, which is a solid, pure form of cocaine; the net weight of the drug was .01 gram.

Defendant, who represented himself at trial, maintained that he did not bring contraband into the jail. While freely admitting that he smoked cocaine, he told the jury: "I stay in the misdemeanor's ring. Misdemeanors only. I'm not going back to prison for a felony for no reason." He suggested that the paper became stuck to his shoe during the search, an inference which he supported by eliciting an admission from Officer Hidalgo that the inmate search area is not routinely cleaned after each booking.

## APPEAL

### I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 131.

### III

*Asserted Proposition 36 Error*

On December 15, 2001, while awaiting trial on the present charge, defendant committed grand theft (Pen. Code § 487; subsequent unspecified statutory references are to the Penal Code). By the time he appeared for sentencing on the present conviction, he had been convicted of grand theft and sentenced to two years in prison.

At the sentencing hearing, the court and both attorneys agreed defendant was not eligible for a grant of probation under Proposition 36, owing to the grand theft conviction. The court then sentenced him to the upper term of three years in prison on the present offense.

Defendant now claims that the court erred in declaring him ineligible for probation under Proposition 36. He invokes section 1210.1, subdivision (a), which requires probation and drug treatment for persons convicted of a nonviolent drug possession offense.

Subdivision (a) of section 1210.1 provides, in pertinent part, that "[n]otwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation, the court shall require participation in and completion of an appropriate drug treatment program."

Although, subdivision (b) of section 1210.1 contains exceptions for defendants who were previously convicted of serious or violent felonies and who have not remained free of prison custody for five years (the five-year "washout" provision), and for defendants who are convicted of additional felonies in the *same proceeding*, defendant asserts that he did not fall within either exception, because (1) the grand theft was committed *after* the drug offense, not before it, and he therefore was not disqualified under the five-year washout provision (see *People v. Superior Court (Jefferson)* (2002) 97 Cal.App.4th 530, 536 [118 Cal.Rptr.2d 529]), and (2) the grand theft conviction occurred in a *separate* proceeding.

The People reply that although defendant literally did not fit within any of the exceptions set forth in section 1210.1, subdivision (b), sentencing him to probation and noncustodial drug treatment would be contrary to the spirit of Proposition 36 and an exercise in futility in light of defendant's conviction and prison confinement for grand theft. We agree.

In *People v. Esparza* (2003) 107 Cal.App.4th 691 [132 Cal.Rptr.2d 377], this court faced an analogous situation. Esparza was convicted of a

nonviolent drug offense while on probation for felony vandalism. He was sentenced to prison on both offenses.

In rejecting Esparza's claim that he should have been placed on probation for the drug offense, we first noted that " '[g]ranting Proposition 36 treatment to a probationer who . . . was convicted of a crime *unrelated* to drug possession as well as a drug possession offense, would be directly contrary to the purpose of the statute.' " (*People v. Esparza, supra,* 107 Cal.App.4th at p. 697, quoting *People v. Goldberg* (2003) 105 Cal.App.4th 1202, 1208 [130 Cal.Rptr.2d 192].) We also pointed out that the term "drug treatment program," as defined in the statute, specifically excluded treatment programs offered in jail or prison facilities. (*Esparza,* at pp. 698–699, citing § 1210, subd. (b).) Because Esparza was sentenced to prison on the vandalism charge with no access to drug treatment, "the trial court was not required to engage in the superfluous act of placing a defendant on probation when he could not participate in the treatment program required as a condition of that probation. We do not construe statutes to create absurd results." (*Esparza,* at p. 698.)

We apply *Esparza*'s reasoning to uphold the trial court's refusal to grant defendant probation under Proposition 36. Defendant's prison incarceration for committing grand theft rendered him ineligible to receive the treatment required of Proposition 36 probationers. He was thus not amenable to drug treatment within the meaning of the statute because he was unavailable to participate in the specified treatment programs. (See *People v. Esparza, supra,* 107 Cal.App.4th at p. 699.)

Likewise, defendant's commission of a nondrug felony while awaiting trial on his drug charge took him out of the class of nonviolent substance abusers for whom the voters intended rehabilitative treatment when they passed Proposition 36.

According to the probation report, at the time he committed the present drug offense, defendant was already on informal probation for no fewer than five additional crimes.

The purpose of the initiative was to get immediate help for nonviolent drug addicts, not to provide a "Get Out of Jail Free" card to career criminals who also happen to partake of drugs. (Cf. *People v. Superior Court (Jefferson), supra,* 97 Cal.App.4th at p. 537.) The trial court was not required to apply Proposition 36 literally where such application would plainly conflict with the intent of the statute. (See *People v. King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27].)

## Disposition

The judgment is affirmed.

Sims, Acting P. J., and Davis, J., concurred.

On February 18, 2004, the opinion was modified to read as printed above.