[No. D049026. Fourth Dist., Div. One. Jan. 4, 2007.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
SEAN CURTIS EDWARDS, Real Party in Interest.

## COUNSEL

Bonnie M. Dumanis, District Attorney, Catherine Stephenson, Craig E. Fisher and Richard D. Huffman II, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Timothy A. Chandler, Alternate Public Defender, and Matthew A. Mohun, Deputy Public Defender, for Real Party in Interest.

OPINION

**McINTYRE, Acting P. J.**—The issue presented in this writ proceeding is whether a defendant who is found to have committed a nonviolent drug possession offense (NDPO) is ineligible to be placed on probation and ordered to drug treatment in accordance with the mandatory provisions of Proposition 36 if, at the time of the commission of the NDPO, he was on probation for other, nonqualifying offenses. We answer this question in the negative and deny the People's petition to set aside the superior court's order placing defendant on probation.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2006, Sean Curtis Edwards was charged with one count each of possession of a controlled substance and possession of drug paraphernalia. He pleaded guilty to the current charges after being told by the court that it would place him on probation under Proposition 36 or, if he were ineligible therefor, on probation with any custody time to be served locally. At that time, Edwards was on probation for disobeying a domestic violence restraining order and battery on a peace officer. After briefing and argument on the eligibility issue, the court placed Edwards on probation conditioned on his participation in drug treatment in accordance with Proposition 36.

The People filed this proceeding, seeking relief based on the contention that, under the California Supreme Court's recent decision in *People v. Guzman* (2005) 35 Cal.4th 577 [25 Cal.Rptr.3d 761, 107 P.3d 860] (*Guzman*), Edwards was ineligible for treatment under Proposition 36 and thus the court was required to sentence him for the current offenses.

## DISCUSSION

Proposition 36 (which is also known as the Substance Abuse and Crime Prevention Act of 2000 (the Act)) was passed by California voters on November 7, 2000, and took effect on July 1, 2001; it is codified at Penal Code sections 1210, 1210.1, and 3063.1, and at division 10.8 (commencing with § 11999.4) of the Health and Safety Code. (*People v. Murillo* (2002) 102 Cal.App.4th 1414, 1417 [126 Cal.Rptr.2d 358].) Its provisions amended state law to create an alternative sentencing scheme for persons convicted of certain drug offenses; it requires that qualifying offenders receive probation, conditioned on participation in and completion of an appropriate drug treatment program, rather than a prison term or probation without drug treatment, thus eliminating the court's traditional discretion to determine whether such offenders are suitable for probation. (*People v. Floyd* (2003) 31

Cal.4th 179, 183 [1 Cal.Rptr.3d 885, 72 P.3d 820], citing Pen. Code, § 1210.1; *People v. Thurman* (2005) 125 Cal.App.4th 1453, 1461 [23 Cal.Rptr.3d 659].)

The purposes underlying Proposition 36 were to " 'enhance public safety by reducing drug-related crime and preserving jails and prison cells for serious and violent offenders, and to improve public health by reducing drug abuse and drug dependence through proven and effective drug treatment strategies.' " (*People v. Goldberg* (2003) 105 Cal.App.4th 1202, 1208 [130 Cal.Rptr.2d 192]; see *People v. Johnson* (2003) 114 Cal.App.4th 284, 293–294 [7 Cal.Rptr.3d 492].) When a defendant is eligible for Proposition 36 treatment, probation is mandatory unless he or she is disqualified in accordance with specified statutory exceptions. (*People v. Esparza* (2003) 107 Cal.App.4th 691, 699 [132 Cal.Rptr.2d 377].)

Whether a defendant is eligible for treatment under Proposition 36 is generally governed by Penal Code section 1210.1, which at the time of trial provided in relevant part:

"(a) Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. . . . A court may not impose incarceration as an additional condition of probation. . . . [¶] . . . [¶]

"(b) Subdivision (a) does not apply to . . . .

"(1) Any defendant who previously has been convicted of one or more serious or violent felonies in violation of subdivision (c) of Section 667.5 or Section 1192.7, [subject to certain exceptions] . . . .

"(2) Any defendant who, in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony.

"(3) Any defendant who:

"(A) While using a firearm, unlawfully possesses any amount of (i) a substance containing either cocaine base, cocaine, heroin, methamphetamine, or (ii) a liquid, nonliquid, plant substance, or hand-rolled cigarette, containing phencyclidine.

"(B) While using a firearm, is unlawfully under the influence of cocaine base, cocaine, heroin, methamphetamine or phencyclidine.

"(4) Any defendant who refuses drug treatment as a condition of probation.

"(5) Any defendant who (A) has two separate convictions for nonviolent drug possession offenses, (B) has participated in two separate courses of drug treatment pursuant to subdivision (a), and (C) is found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment. Notwithstanding any other provision of law, the trial court shall sentence such defendants to 30 days in jail."

Although the People admit that Edwards does not fall within any of the foregoing statutory exceptions, they contend that *Guzman* created an additional exception to the applicability of Proposition 36's mandatory probation provisions.

In *Guzman*, the defendant was arrested for possession and being under the influence of a controlled substance; at the time he was on probation for prior charges of inflicting corporal punishment on a cohabitant and committing misdemeanor battery upon a peace officer engaged in his duties. After the defendant pleaded guilty to the NDPO's, *the trial court placed him on probation conditioned on his participation in drug treatment in accordance with the provisions of Proposition 36 set forth above.* Based on those same NDPO convictions, however, the court in separate proceedings relating to the prior non-NDPO offenses subsequently *revoked* the defendant's probation for those offenses; at the sentencing hearing *in the non-NDPO action,* the defendant argued that he should be re-released on probation for drug treatment under the Act. He pointed out that when a person is on parole for a nonqualifying offense and commits an NDPO, he or she is eligible under the Act for parole conditioned on drug treatment (see Pen. Code, § 3063.1, subd. (a)) and contended that the Act should be similarly applied to persons on probation for a non-NDPO. The trial court disagreed and sentenced the defendant to two years in prison. The Court of Appeal reversed, holding that the Act's disparate treatment of probationers and parolees violated the defendant's right to equal protection.

The California Supreme Court granted review and reversed. It held that, in accordance with the express language of the statutes, an offender who is on probation for nonqualifying offenses is not eligible for Proposition 36 treatment *as to those offenses.* (*Guzman, supra,* 35 Cal.4th at p. 585.) It also rejected the defendant's equal protection argument, finding that an offender who commits an NDPO while on probation for nonqualifying offenses is not similarly situated to someone who commits an NDPO while on parole for previous convictions of similar nonqualifying offenses. (*Id.* at pp. 584–591.) The high court reasoned, "Probationers . . . have had imposition or execution of sentence suspended and have been given an opportunity to avoid serving

their time in prison by completing a period of conditional release in the community in lieu of the prison terms prescribed by law for their underlying convictions. . . . Moreover, probationers who are still on probation have not completed the period of conditional release that substitutes for the prison terms they otherwise would be serving." (*Id.* at p. 593, citations omitted; see *People v. Canty* (2004) 32 Cal.4th 1266, 1275 [14 Cal.Rptr.3d 1, 90 P.3d 1168].) Based on these differences between probationers and parolees, the court concluded that the defendant had not made the threshold showing of a meritorious equal protection claim.

The People nonetheless point to certain language in *Guzman* and argue that the high court interpreted Proposition 36 as inapplicable to any offender who committed an NDPO while on probation for a nonqualifying offense, even in the proceedings relating solely to the current NDPO's. (See *Guzman, supra*, 35 Cal.4th at p. 583.) However, the procedural circumstances involved in *Guzman* belie the People's interpretation of this language. The issue in *Guzman* was whether the defendant could have his probation revoked and be sent to prison on the prior offenses of inflicting corporal injury on a cohabitant and battery on a peace officer, neither of which was an NDPO. Here, the issue is whether Edwards is eligible for Proposition 36 treatment as to the NDPO's for which the trial court was sentencing him. Notably, in *Guzman*, the trial court in the criminal proceedings arising out of the defendant's current NDPO's *placed Guzman for treatment in accordance with Proposition 36*, just as the court did here. No issue about the propriety of such treatment was raised in *Guzman*, nor did the opinion express any concern about the trial court's application of Proposition 36 as to the NDPO's.

Although none of the statutory exceptions to mandatory treatment applied to Edwards, the People also cite a few published appellate decisions holding that certain defendants who were not within the express statutory exceptions to section 1210.1 were nonetheless ineligible for probation under Proposition 36. In *People v. Esparza, supra*, 107 Cal.App.4th 691, the Third District Court of Appeal considered whether a defendant who was convicted of an NDPO while on probation for felony vandalism was nonetheless eligible for a Proposition 36 drug treatment program after being sentenced to prison for three years for violating probation in the vandalism case. Noting that Proposition 36 includes "extensive requirements for participation in outpatient drug treatment programs and rehabilitative probation conditions," the court concluded that because the defendant's existing incarceration precluded him from participating in the treatment programs and complying with other probation conditions required by Proposition 36 (see Pen. Code, § 1210, subds. (b), (c)), it "defie[d] common sense and the letter of the law" to place him on probation under Proposition 36 for the drug offense. (107 Cal.App.4th at p. 698, fn omitted.)

Although the court tacitly acknowledged that the defendant otherwise met the statutory criteria for Proposition 36 eligibility, it relied on the rule of statutory construction that a statute should not be interpreted in a manner which leads to absurd results and held that the trial court was not required to engage in the superfluous act of placing the incarcerated defendant on Proposition 36 probation. (*People v. Esparza, supra,* 107 Cal.App.4th at p. 698.) It found that an incarcerated defendant who is unavailable to participate in Proposition 36 programs within the statutory time periods because of his prison sentence is essentially unamenable to drug treatment under the statutory scheme. (107 Cal.App.4th at p. 699; see Pen. Code, § 1210.1, subd. (b)(5)(C).)

The same court reached the same conclusion in *People v. Wandick* (2004) 115 Cal.App.4th 131 [9 Cal.Rptr.3d 167]. There, a defendant who was awaiting trial on an NDPO committed grand theft. He was convicted of the theft offense and sentenced to two years in prison before being sentenced on the drug offense. Like the defendant in *Esparza,* Wandick stood convicted of a Proposition-36-qualifying offense and "literally did not fit within any of the exceptions set forth in section 1210.1, subdivision (b)." (115 Cal.App.4th at p. 134.) Nonetheless, the Court of Appeal upheld the trial court's refusal to grant the defendant probation under Proposition 36 on the drug offense, "apply[ing] *Esparza*'s reasoning" and holding the defendant was "not amenable to drug treatment within the meaning of the statute because he was unavailable to participate in the specified drug treatment programs." (115 Cal.App.4th at p. 135.)

The court also concluded that the defendant's commission of a nondrug felony while awaiting trial on his drug charge "took him out of the class of nonviolent substance abusers for whom the voters intended rehabilitative treatment when they passed Proposition 36," noting that at the time he committed the drug offense, he was already on informal probation for no fewer than five additional crimes. (*People v. Wandick, supra,* 115 Cal.App.4th at p. 135.) It noted that "[t]he purpose of the initiative was to get immediate help for nonviolent drug addicts, not to provide a 'Get Out of Jail Free' card to career criminals who also happen to partake of drugs" and that the trial court was not required to apply Proposition 36 literally where such application would plainly conflict with the intent of the statute. (*People v. Wandick, supra,* 115 Cal.App.4th at p. 135.)

The People assert *Esparza* and *Wandick* establish that a defendant who is on probation for non-NDPO crimes is ineligible for probation and treatment under Proposition 36. However, in each of those cases the defendant was incarcerated for a nonqualifying offense at the time he was sentenced for the NDPO and, *as a result of being incarcerated,* neither of them was capable of

complying with the strict treatment requirements imposed by Proposition 36. Here, Edwards was not incarcerated at the time of his sentencing on the qualifying offenses and the People apparently had not sought to have the court revoke probation in his prior non-NDPO cases. Although the situation would be different if the People successfully sought to revoke probation for the prior offenses, under these circumstances, it is not inevitable, as in *Esparza* and *Wandick*, that Edwards would be unable to comply with the applicable conditions of probation under Proposition 36.

■ Because Edwards is not subject to one of the Proposition 36 exceptions to mandatory probation and drug treatment and not legally incapable of complying with the conditions of probation under the statutory scheme, we conclude that the trial court properly placed him on such probation. Accordingly, we deny the petition for relief.

## DISPOSITION

The People's petition is denied.

O'Rourke, J., and Irion, J., concurred.