Filed 1/26/21  P. v. Hernandez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FLORINDA CAMARILLO HERNANDEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B301559<br>(Super. Ct. No. 1501098)<br>(Santa Barbara County) |

Appellant Florinda Camarillo Hernandez caused a head-on collision while driving intoxicated.  Appellant and the two occupants of the other car were seriously injured and had to be hospitalized.  Appellant's two-year-old daughter, who was in the backseat, suffered a shoulder laceration.  Appellant's blood alcohol content (BAC) was .18 percent.  She did not remember the collision.

Appellant was charged with felony driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a);

count 1); driving with a .08 percent BAC causing injury (*id.*, subd. (b); count 2) and child abuse (Pen. Code, § 273A, subd. (a);[1] count 3). As to counts 1 and 2, it was alleged that appellant personally inflicted great bodily injury (GBI) on two victims (§ 12022.7, subd. (a); Veh. Code, § 23558), and that the offenses were violent felonies (§ 667.5, subd. (c)(8)). Count 2 further alleged appellant had a BAC of .15 percent or higher (Veh. Code, § 23578).

Appellant pled no contest to the charges and admitted the special allegations. She was sentenced to five years' probation and ordered to serve 365 days in county jail.

Nearly three years later, on August 25, 2018, appellant was again arrested for driving under the influence of alcohol. Because she had violated her probation terms, the trial court ordered a 90-day evaluation by a prison diagnostic facility pursuant to section 1203.03. Based on that evaluation, the warden recommended a prison sentence, finding appellant "does present an unreasonable burden and or threat to the safety of the community." The court subsequently revoked probation and sentenced appellant to seven years, four months in state prison, consisting of the lower term of 16 months on count 1, plus three years for each of the two GBI enhancements. The sentence on count 2 was stayed and the sentence on count 3 was ordered to run concurrently with the sentence on count 1.

Appellant contends the trial court abused its discretion by revoking her probation and imposing a prison sentence. She also claims the court erred by not striking one of the GBI enhancements. We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

FACTUAL AND PROCEDURAL BACKGROUND

At 2:00 a.m. on November 10, 2015, appellant was driving at an excessive speed in the rain without headlights. She drove up onto a curb and then veered across the double yellow lines into oncoming traffic. A driver traveling the other way was unable to avoid the head-on collision. Appellant's blood alcohol content (BAC) was .18 percent. All four occupants of the vehicles were injured.

After the collision, appellant successfully completed an outpatient substance abuse treatment program, and her daughter was returned to her care in July 2016. Appellant was required to submit to regular testing and to attend weekly Alcoholics Anonymous meetings.

The prosecution sought a prison sentence at the 2017 sentencing hearing. The trial court granted probation but warned appellant that if she ever violated probation, particularly due to drinking alcohol, she "could land . . . in state prison in a heartbeat." Appellant said she understood.

At 1:00 a.m. on August 25, 2018, Police Officer Frank Medina pulled over a car that did not have rear lights and had a towel over the license plate. Appellant was in the driver's seat and her daughter was in the backseat. A man was in the front passenger seat. When the officer asked appellant if she had been drinking, appellant said she had not but then admitted having a few beers. She was arrested after failing three field sobriety tests. Her BAC was between .15 percent and .17 percent.

Until that violation, appellant had satisfactorily performed all probation conditions and was classified as a low supervision case. Appellant testified that she started drinking heavily after high school, which made her "happy for the first time." She quit

drinking after the 2015 offense and did not drink alcohol again until the night of her second arrest. She drank that night because she found inappropriate videos of her boyfriend on his phone. When asked if she regretted that decision, she answered, "If I could go back to that time I would still have the same reaction. I would still drink. There's no other way to think."

The trial court sympathized with appellant's life circumstances but noted "that doesn't excuse somebody from putting other people's lives at risk." The court emphasized that everyone in the 2015 collision was injured and that appellant's BAC on both occasions was approximately .17 percent.

The trial court sentenced appellant to prison because (1) her 2015 offense was "incredibly serious" and caused injuries from which the victims "may never recover"; (2) appellant admitted that if she could go back in time, she would still drink alcohol in response to seeing the videos on her boyfriend's phone; (3) appellant "flat out violated the terms of [her] probation"; (4) the court could not trust appellant not to drink alcohol and (5) the court would feel responsible if appellant drove again while intoxicated and killed someone.

Appellant asked for a second chance. The court explained she already had been given that chance and that "[i]n these kinds of situations the court is not going to give another opportunity for somebody else to get hurt."

## DISCUSSION

### *Revocation of Probation*

"[S]ection 1203.2, subdivision (a) authorizes a trial court to revoke probation 'if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of

4

the conditions of his or her probation . . . .'" (*People v. Jackson* (2005) 134 Cal.App.4th 929, 935.) "'As the language of section 1203.2 would suggest, the determination whether to . . . revoke probation is largely discretionary.' [Citation.] '[T]he facts supporting revocation of probation may be proven by a preponderance of the evidence.' [Citation.] However, the evidence must support a conclusion the probationer's conduct constituted a willful violation of the terms and conditions of probation." (*People v. Galvan* (2007) 155 Cal.App.4th 978, 981-982.)

"'The discretion of the [trial] court to revoke probation is analogous to its power to grant the probation, and the court's discretion will not be disturbed in the absence of a showing of abusive or arbitrary action. [Citations.]' [Citation.] 'Many times circumstances not warranting a conviction may fully justify a court in revoking probation granted on a prior offense. [Citation.]' [Citation.] "'[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. . . .'" [Citation.] And the burden of demonstrating an abuse of the trial court's discretion rests squarely on the defendant." (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.)

Appellant contends the trial court abused its discretion by revoking probation and sentencing her to state prison. She concedes her offenses do not qualify for Proposition 36 relief but maintains California's increasing use of diversion and rehabilitative programs to treat defendants with addiction and mental illness required reinstatement of probation. We disagree. This type of rehabilitative approach is geared toward defendants who committed drug possession crimes or other less serious

5

offenses.  (See § 1210.1, subd. (a); *People v. Goldberg* (2003) 105 Cal.App.4th 1202, 1206-1207.)

As the People point out, appellant gave the trial court little choice but to impose a prison sentence after she seriously injured multiple people, including herself, in the 2015 collision and then became intoxicated again which resulted in a second arrest. Appellant claims she was not driving the car, and her passenger did come forward and say he was driving.  Even if that is true, however, appellant had a BAC of .17 percent and her young daughter was with her in the car at 1:00 a.m.  Appellant's probation terms prohibited her from "drink[ing] or possess[ing] any alcoholic beverages."

The trial court was particularly troubled by appellant's admission that even if she could go back to that night, she would still drink under the circumstances.  The court stated: "So what does that tell the court?  Her daughter doesn't matter.  People in the community don't matter.  All that matters is how she feels and how she deals with her feelings.  And that tells the story."

It was well within the trial court's discretion to decline to risk public safety by reinstating probation.  Appellant had been given an opportunity to avoid prison but demonstrated she could not or would not rehabilitate on probation and that prison was the only viable alternative.  (See *People v. Kingston* (2019) 41 Cal.App.5th 272, 278 ["When the record reveals that a defendant's violation of the terms of probation was the result of irresponsible or willful behavior, termination of probation and imposition of a prison sentence is no abuse of discretion"].)

*GBI Enhancement*

Defense counsel asked the trial court to strike one of the three-year GBI enhancements under section 1385.  Counsel noted

6

appellant has a young daughter, was working full time before her second arrest and had abided by her probation terms prior to that arrest.  Appellant argues the denial of this request was an abuse of discretion.

Section 1385 authorizes a trial court to strike or dismiss a GBI enhancement or "the additional punishment for that enhancement in furtherance of justice. . . ." (*Id.*, subd. (b)(1); see *People v. Flores* (2005) 129 Cal.App.4th 174, 178.)  The decision not to strike an enhancement is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373 (*Carmony*).)

In declining to strike one of the GBI enhancements, the trial court determined such action "would discount the injury to the other victim completely."  Appellant contends the trial court failed to weigh all the appropriate factors in assessing whether to strike the enhancement.  These factors include the defendant's background, character and prospects, the prior conviction and the nature and circumstances of the present offense. (*People v. S.M.* (2017) 9 Cal.App.5th 210, 220.)  The record reflects, however, that the court considered these factors in electing to impose the low term on count 1.

The injuries to the two victims were serious and required hospitalization.  The driver suffered a lower leg injury and was unable to walk.  The passenger was unconscious and halfway out the door when officers arrived.  Upon arrival at the hospital, she was admitted to the intensive care unit.  She "suffered injury to her head which has resulted in migraines and memory loss.  She now has back problems which will require surgery [per the doctor].  She has nerve damage to her right[-]hand fingers . . . , [and] is now disabled as she cannot retain information and has to be heavily sedated due to the migraines."

7

Given the seriousness of the victims' injuries, and the likelihood that one of them will never fully recover, we cannot conclude the court's "decision is so irrational and arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


TANGEMAN, J.

James K. Voysey, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, William H. Shin and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.