Filed 4/27/16

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PATRICK RANDY BRADSHAW,<br><br>    Defendant and Appellant. | F070137<br><br>(Super. Ct. No. BF156311A)<br><br><br>**OPINION** |


APPEAL from a judgment of the Superior Court of Kern County. Michael B. Lewis, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

A criminal defendant is convicted of felony drug possession and admitted to probation. While his or her appeal is pending, voters enact Proposition 47, The Safe Neighborhoods and Schools Act (Proposition 47 or the Act). Is the defendant entitled to have the appellate court remand the case for resentencing under the Act? We hold the answer is no: The defendant must utilize the procedure specified by Penal Code section 1170.18.[1] Because of the unique circumstances of this case, however, we nevertheless order a remand.

## PROCEDURAL HISTORY

Patrick Randy Bradshaw (defendant) was charged, by complaint filed July 30, 2014, with possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) That same day, the district attorney's office declared him eligible for sentencing pursuant to section 1210.1, subdivision (a).

On August 11, 2014, prior to the preliminary hearing, defendant pled no contest to the possession charge, on condition he receive felony probation and serve nine months in jail.[2] Defendant waived referral to the probation department and requested immediate sentencing. The probation officer submitted a written recommendation concerning the terms of probation and applicable fees, fines, and assessments, as well as a "Proposition 36 Eligibility Report." The report stated defendant was on "felony courtesy probation" from Louisiana until June 16, 2016, and that he was not eligible for sentencing pursuant to section 1210.1. The reasons given (which apparently also covered his ineligibility for deferred entry of judgment under § 1000) were "[p]rior drug related convictions," "[f]elony conviction within five years," and "[o]ther: The defendant may be unavailable for PC 1210.1 probation based on the felony courtesy supervision

---

[1] Further statutory references are to the Penal Code unless otherwise stated.

[2] Because of defendant's early plea, the record on appeal does not set out the facts of the offense. The parties stipulated to a factual basis for the plea based on the offense report and the complaint.

probation case." That same day, imposition of sentence was suspended and defendant was admitted to felony probation for three years on various terms and conditions, including that he serve the first nine months in jail. No mention was made of section 1210.1.

## <u>DISCUSSION</u>

Defendant contends he must be afforded section 1210.1 drug probation because he was erroneously declared ineligible. We conclude the matter must be remanded for additional proceedings on this issue.

"The Substance Abuse and Crime Prevention Act of 2000 . . . , which the voters of California enacted through Proposition 36, requires courts to order probation and community-based drug treatment rather than incarceration for certain criminal offenders who commit ' "nonviolent drug possession offense[s]" ' . . . . [Citation.]" (*People v. Guzman* (2005) 35 Cal.4th 577, 583, fn. omitted.) Thus, subdivision (a) of section 1210.1 provides in part: "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. . . . A court may not impose incarceration as an additional condition of probation."[3]

Subdivision (b) of section 1210.1 sets out five factors that disqualify otherwise eligible defendants from Proposition 36 probation. They "can be summarized as: 1) conviction of prior strike offenses within five years; 2) convictions in the same proceeding for a nondrug misdemeanor or for any felony; 3) firearm involvement; 4) refusal of drug treatment; and 5) two prior failures of Proposition 36 treatment

---

[3]    We sometimes refer to this as Proposition 36 probation.

Possession of methamphetamine for personal use constitutes a nonviolent drug possession offense. (§ 1210, subd. (a); see Health & Saf. Code, § 11055, subd. (d)(2).)

3.

programs and proof of unamenability to drug treatment.  [Citation.]"  (*People v. Esparza* (2003) 107 Cal.App.4th 691, 696 (*Esparza*).)

In large part because defendant was sentenced immediately following his no contest plea so that no formal report was prepared by the probation officer, the record is insufficient to establish whether defendant fell within any of the foregoing exceptions to mandatory probation and drug treatment.[4]  Accordingly, the trial court should have determined his eligibility and proceeded accordingly.

The Attorney General argues defendant forfeited his claim by failing to raise the issue below and seek a factual determination as to his eligibility for Proposition 36 probation.  As authority, she cites *People v. Scott* (1994) 9 Cal.4th 331, 353, which holds the "waiver doctrine" applies "to claims involving the trial court's failure to properly make or articulate its *discretionary* sentencing choices."  (Italics added.)  It is settled, however, that "[w]hen a defendant is eligible for Proposition 36 treatment, it is mandatory unless he is disqualified by other statutory factors . . . .  [Citation.]  *Placement of eligible defendants in Proposition 36 programs is not a discretionary sentencing choice made by the trial judge and is not subject to the waiver doctrine*.  [Citation.]"  (*Esparza*, *supra*, 107 Cal.App.4th at p. 699, italics added; accord, *People v. Friedeck* (2010) 183 Cal.App.4th 892, 895; *People v. Harris* (2009) 171 Cal.App.4th 1488, 1496-1497; *People v. Muldrow*, *supra*, 144 Cal.App.4th at p. 1042; *People v. Dove* (2004) 124 Cal.App.4th 1, 10.)  If placement of an eligible defendant in Proposition 36 programs is not a discretionary sentencing choice and is not subject to forfeiture, we fail to see how the determination of eligibility itself could be forfeited, particularly since a defendant

---

**4**     The possibility defendant might be or become unavailable as a result of his Louisiana case was merely speculative, and so was insufficient to render defendant ineligible for Proposition 36 probation.  (See *People v. Superior Court (Edwards)* (2007) 146 Cal.App.4th 518, 524-525; *People v. Muldrow* (2006) 144 Cal.App.4th 1038, 1047-1048.)

4.

need not request Proposition 36 probation and treatment. (*Esparza*, *supra*, 107 Cal.App.4th at p. 699.)[5]

The Attorney General concedes that if we conclude defendant's claim was not forfeited, the appropriate remedy is to remand the case so the trial court can determine whether defendant is eligible for probation under section 1210.1. We agree a remand is required for this purpose. An additional issue is presented by this case, however.

When defendant committed his present offense, a violation of Health and Safety Code section 11377, subdivision (a) was a "wobbler," punishable either as a misdemeanor or a felony. (Health & Saf. Code, § 11377, former subd. (a); see § 17, subd. (a).) On November 4, 2014, after defendant was sentenced but before his conviction became final (see *People v. Smith* (2015) 234 Cal.App.4th 1460, 1465), voters approved Proposition 47. It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) Under its provisions, a violation of subdivision (a) of section 11377 of the Health and Safety Code is now a misdemeanor, unless the perpetrator has one or more prior convictions for so-called "super strike" offenses (the offenses listed in § 667, subd. (e)(2)(C)(iv)) or an offense requiring mandatory sex offender registration pursuant to section 290, subdivision (c). (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)

Proposition 47 also created a new resentencing provision, to wit, section 1170.18. Under that statute, "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the [Act] had [the Act] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to

---

[5]     We are not confronted with a situation in which defendant bargained away a charge that would have disqualified him from Proposition 36 treatment, and now seeks to have us recast the terms of his plea bargain. (Cf. *People v. Chatmon* (2005) 129 Cal.App.4th 771, 772-774.)

request resentencing in accordance with" the various statutes that were amended or added by the Act. (§ 1170.18, subd. (a).) Upon receiving such a petition, the trial court must determine whether the petitioner satisfies the criteria in subdivision (a) of section 1170.18. (*Id.*, subd. (b).) A person who satisfies the statutory criteria shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Ibid.*) Section 1170.18 also provides that persons who have completed felony sentences for offenses that would now be misdemeanors "may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (*Id.*, subd. (f).) If the application satisfies the criteria in subdivision (f) of the statute, "the court shall designate the felony offense or offenses as a misdemeanor." (*Id.*, subd. (g).) Section 1170.18 does not apply to persons with one or more prior convictions for "super strike" offenses or an offense requiring sex offender registration pursuant to section 290, subdivision (c). (§ 1170.18, subd. (i).)

Defendant contends he is entitled to have his case remanded to the trial court for resentencing pursuant to section 1170.18. Several cases have held Proposition 47 does not provide for automatic resentencing of a defendant currently serving a felony sentence and is not automatically applicable to those whose judgments are not yet final. (E.g., *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 924-925; *People v. Shabazz* (2015) 237 Cal.App.4th 303, 307, 312-314 (*Shabazz*); *People v. Noyan* (2014) 232 Cal.App.4th 657, 672; see *People v. Yearwood* (2013) 213 Cal.App.4th 161, 168, 175-176 [addressing retroactivity of similar postconviction proceedings set out in § 1170.126].) We agree with the reasoning and conclusion of these opinions, which limit defendants to the statutory remedy, set forth in section 1170.18, of petitioning for recall of sentence (*id.*, subd. (a)) or applying for designation of felony convictions as misdemeanors (*id.*, subd. (f)), as appropriate, in the trial court once the judgment is final (*People v.*

*Scarbrough*, *supra*, 240 Cal.App.4th at pp. 929-930; *Shabazz*, *supra*, 237 Cal.App.4th at p. 314; *People v. Noyan*, *supra*, 232 Cal.App.4th at p. 672; see *People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 168).

Defendant points out that he is not requesting automatic resentencing or reduction of his offense to a misdemeanor, but rather simply wants his case remanded to the trial court for a Proposition 47 resentencing hearing.[6] We fail to see how this makes a meaningful difference. In enacting Proposition 47, "the voters set forth specific procedures for securing the lesser punishment to eligible persons . . . ." (*Shabazz*, *supra*, 237 Cal.App.4th at p. 313.) If a defendant is currently serving a sentence, he or she must petition the trial court for a recall of sentence. (§ 1170.18, subd. (a).) If a defendant has completed his or her sentence, he or she must file an application before the trial court to have the conviction designated a misdemeanor. (*Id.*, subd. (f).) The conclusion "[t]hese are the sole remedies available under Proposition 47 for an accused sentenced prior to its effective date" (*Shabazz*, *supra*, at p. 313) is consistent with voter concern, expressed in section 3 of Proposition 47, that defendants with disqualifying prior convictions not have their felony convictions reduced to misdemeanors, and that a thorough review of criminal history and risk assessment of all convicted felons be conducted before potential resentencing (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subds. (3), (5), p. 70, at <http://vigarchive.sos.ca.gov/2014/general/en/pdf/> (as of Apr. 27, 2016)).

Defendant asserts he is eligible for resentencing. It is true the record on appeal fails to indicate he has any disqualifying prior convictions. Because, following his change of plea, he waived referral to probation and requested immediate sentencing, however, we have before us no probation officer's report or other document setting out

---

**6** Defendant represents he is currently serving his sentence. It is possible he will have completed his sentence by the time remittitur issues in this appeal and the case returns to the trial court.

defendant's criminal history. As the Court of Appeal stated in *Shabazz*, *supra*, 237 Cal.App.4th at page 314: "[W]hen [defendant] was sentenced, there was no issue as to whether he had sustained any disqualifying prior convictions. He pled no contest and was sentenced prior to the adoption of Proposition 47. The filing of an application [or submission of a petition] alerts the prosecution to the question of whether there are any disqualifying prior convictions. Thus, our analysis insures the eligibility determination is made in a hearing where the prosecution is on notice of the existence of the disqualifying prior conviction issue."

We stress that, were we faced only with the Proposition 47 question, we would affirm the judgment and leave defendant to his remedy under section 1170.18. Because the case must be returned to the trial court for determination with respect to Proposition 36 probation, however, we find it preferable and appropriate to deem defendant to have petitioned under section 1170.18, subdivision (a) or applied under section 1170.18, subdivision (f) — whichever is applicable — and to direct the trial court to proceed as specified in that statute upon remand. Upon resolution of the section 1170.18 issue, the trial court should then make whatever determinations and rulings may be required with respect to Proposition 36 probation. Such a disposition most efficiently uses scarce judicial resources while not prejudicing the rights of either party, both of whom will be free to litigate fully eligibility and other issues arising under sections 1170.18 and 1210.1.[7]

---

[7]     We express no opinion on resolution of those issues.

## **DISPOSITION**

Defendant is deemed to have submitted to the trial court a petition/application under Penal Code section 1170.18. The matter is remanded to the trial court for further proceedings under Penal Code sections 1170.18 and 1210.1, in accord with this opinion.

_____
DETJEN, Acting P.J.

WE CONCUR:

_____
FRANSON, J.

_____
PEÑA, J.

9.