Filed 6/21/16  P. v. Ward CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY DERRICK WARD,<br><br>    Defendant and Appellant. | F070503<br><br>(Super. Ct. No. F10905141)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James Petrucelli, Judge.

Peggy A. Headley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Levy, Acting P.J., Poochigian, J. and Peña, J.

## INTRODUCTION

Must a defendant's sentence, enhanced by a prior prison term pursuant to Penal Code section 667.5, subdivision (b),[1] now be altered because subsequent to sentencing, the conviction that gave rise to the enhancement may be reduced to a misdemeanor under Proposition 47? We conclude the answer is no.

This court held in *People v. Bradshaw* (2016) 246 Cal.App.4th 1251, 1257-1258 (*Bradshaw*), that a petition seeking reclassification of a prior felony offense as a misdemeanor must be filed in the trial court pursuant to the statutory remedy set forth in section 1170.18. However, even if the trial court grants the petition, we conclude Proposition 47 does not operate retroactively to alter a prior prison term enhancement where the defendant's sentence is enhanced *before* the conviction is reduced.

Defendant Anthony Derrick Ward is currently serving a prison sentence of 25 years to life, plus two consecutive terms of 25 years to life. He contends several prior prison terms used to enhance his sentence must be stricken because the felony convictions underlying the enhancements may be reduced to misdemeanors under Proposition 47. A petition seeking reclassification has not yet been filed in the trial court. We disagree and affirm the judgment.

## FACTS AND PROCEDURAL HISTORY[2]

### *Defendant's Current Offenses*

On November 20, 2012, a jury convicted defendant Anthony Derrick Ward of two counts of second degree robbery (§§ 211, 212.5, subd. (c); counts 1, 2) and one count of reckless driving while evading a peace officer (Veh. Code, § 2800.2, subd. (a); count 3), and found true allegations that in committing each of the robberies, defendant personally

---

[1]All undefined statutory references are to the Penal Code unless otherwise indicated.

[2]The following facts are taken from a prior, unpublished opinion of this court. (*People v. Ward* (July 23, 2014, F066792 [nonpub. opn.]).

2.

used a dangerous or deadly weapon (§ 12022, subd. (b)(1)). The jury also found true allegations that defendant had suffered two prior serious felony convictions within the meaning of section 667, subdivision (a), had 11 "strikes," and he had served six separate prison terms for prior felony convictions (§ 667.5, subd. (b)).

The court sentenced defendant to 25 years in prison, followed by two consecutive indeterminate terms of 25 years to life. In a previous appeal, this court held the trial court misunderstood the scope of its sentencing discretion, vacated defendant's sentence, and remanded the matter to the trial court for resentencing.

### Defendant's Prior Prison Terms

The trial court enhanced defendant's sentence for four of six prior prison terms it found true; the remaining two terms were stricken. Defendant received consecutive one-year sentences for each of the four prior prison terms. The prior prison terms, and their underlying convictions, are as follows:

In 2004, defendant served a prison term for possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). In 1984, he served a prison term for petty theft with a prior (§ 666), burglary (§ 459), attempted residential burglary (§ 664, 459), and receipt of stolen property (§ 496). In 1981, defendant was convicted of grand theft (§§ 484, 487), and in 1979, he was convicted of domestic battery (§§ 242, 243).

On November 14, 2014, the court sentenced defendant to the same sentence it previously imposed: a determinate term of 25 years in prison, followed by two consecutive indeterminate terms of 25 years to life.

### Proposition 47

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47 or the Act). The Act went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) When defendant committed his current offenses, possession of a controlled substance was a "wobbler," meaning it could be punished as either a misdemeanor or a felony. (Health & Saf. Code, § 11377, former subd. (a); see

3.

§ 17, subd. (a).) As a result of Proposition 47, the offense is now punishable as a misdemeanor, unless the perpetrator has one or more prior convictions for "super strike" offenses (see § 667, subd. (e)(2)(C)(iv)) or an offense requiring mandatory sex offender registration pursuant to section 290, subdivision (c).

Proposition 47 also reduced thefts of property valued at less than $950 from felony offenses to misdemeanors. A person currently serving a felony sentence for receipt of stolen property (§ 496, subd. (a)), for example, is eligible to petition for recall of sentence based on that reclassification if the value of the property is shown not to exceed $950. (§§ 490.2, subd. (a), 1170.18, subds. (a)-(c).) As with Health and Safety Code section 11350, subdivision (a), a petitioner may not have prior convictions for "super strikes" or offenses requiring sex offender registration. If the person has already completed serving the sentence for the prior offense, he or she may seek to reclassify the prior felony conviction as a misdemeanor. (§ 1170.18, subd. (f).)

### ANALYSIS

Defendant's current sentence was enhanced by four prior prison terms pursuant to section 667.5 subdivision (b). Under Proposition 47, some of the felony convictions upon which defendant's enhancements are based may qualify for reclassification as misdemeanors.[3] As a result, he contends this court must remand this matter back to the trial court with instructions to strike some of his prior prison term enhancements. We disagree.

The first flaw in defendant's argument is that the remedy he seeks is outside the scope of section 1170.18, subdivision (f), which instructs eligible persons how to apply

---

[3]Defendant specifically contends his conviction in 2004 for possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) qualifies for reclassification as a misdemeanor. He asserts his 1984 convictions for petty theft with a prior (§ 666), burglary (§ 459), attempted residential burglary (§§ 664, 459), and receipt of stolen property (§ 496), and his 1981 conviction for of grand theft (§§ 484, 487) are all potentially eligible for reclassification.

4.

for reclassification of their prior felony convictions as misdemeanors under Proposition 47. As this court explained in *People v. Bradshaw*, *supra*, 246 Cal.App.4th at pages 1257-1258—an opinion published after the parties filed their briefs in this court—persons seeking to avail themselves of the benefits of Proposition 47 must first file a petition in the superior court.[4]

Thus, for defendants who are currently serving a sentence for a felony reduced by Proposition 47, as well as for those who have completed a sentence for such an offense, "the remedy lies in the first instance by filing a petition to recall (if currently serving the sentence) or an application to redesignate [or reclassify] (if the sentence is completed) in the superior court of conviction." (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1331-1332; see *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 925, 929-930 [defendant seeking resentencing under Proposition 47 must file petition for recall of sentence in trial court once underlying judgment is final]; see also *People v. Shabazz* (2015) 237 Cal.App.4th 303, 313-314 [defendant limited to statutory remedy set forth in § 1170.18, which requires a defendant who has completed felony sentence to file an application in superior court for reclassification].)

The second flaw in defendant's argument is that he presumes Proposition 47 operates retroactively to alter a sentence enhanced by a prior prison term. We conclude that when a defendant's sentence is enhanced for a prior felony conviction *before* the conviction is reduced to a misdemeanor under the Act, he is not entitled to relief.[5]

---

[4]On June 3, 2016, defendant sent this court a copy of a petition seeking to redesignate his 2004 felony conviction for possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) as a misdemeanor. The petition was accompanied by a request that we take judicial notice of the petition. There is no evidence the superior court has rendered a decision as to defendant's petition. Although we grant defendant's request to take judicial notice of the petition (Evid. Code § 452, subd. (d)), it does not change our disposition for the reasoning stated herein.

[5]Our Supreme Court has granted review to resolve the issue. (*People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted Mar. 30, 2016, S232900; *People v. Carrea* (2016) 244 Cal.App.4th 966, review granted Apr. 27, 2016, S233011; *People v. Ruff* (2016) 244

Defendant contends *People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*) compels a different result. Flores was convicted in 1966 for possession of marijuana, for which he served a prison term. (*Id.* at p. 470.) In 1977, he was convicted of selling heroin. (*Id.* at pp. 464-466.) His sentence for selling heroin was enhanced by one year under section 667.5, based on his 1966 conviction. (*Flores*, at p. 470.)

Flores sought to overturn his 1966 conviction on the basis of subsequent legislation reducing the penalty for marijuana possession and mandating the destruction of records of arrests and convictions pertaining to marijuana possession crimes. (*Flores*, *supra*, 92 Cal.App.3d at pp. 471-472.) The appellate court held Flores was entitled to the relief he sought because the Legislature's destruction-of-records mandate evidenced a clear intent to prevent those records from being used to enhance future sentences. (*Id.* at pp. 472-473.)

Unlike the mandate in *Flores*, neither Proposition 47 nor the ballot materials evidence a clear intent by the voters that Proposition 47 applies retroactively to alter sentence enhancements. Nonetheless, defendant advances several arguments in support of his assertion that the Act has such a retroactive effect.

First, defendant argues that reduction of a qualifying felony to a misdemeanor is automatic under Proposition 47, and because the prior offense is considered a misdemeanor "for all purposes," a prior prison term enhancement must be eliminated because there is no longer a felony underlying the enhancement.[6] Defendant cites to *People v. Park* (2013) 56 Cal.4th 782, 799 (*Park*), which held "when a wobbler has been

_____

Cal.App.4th 935, review granted May 11, 2016, S233201; *People v. Williams* (2016) 245 Cal.App.4th 458, review granted May 11, 2016, S233539.)

[6]A sentence enhancement pursuant to section 667.5, subdivision (b) requires the defendant: (1) have a prior felony conviction; (2) be imprisoned as a result of the prior conviction; (3) complete the term of imprisonment; and, (4) not remain free for five years from the prior imprisonment and commission of the new offense that also results in a felony conviction. (*People v. Tenner* (1993) 6 Cal.4th 559, 563.)

reduced to a misdemeanor the prior conviction does not constitute a prior felony conviction within the meaning of section 667[, subdivision ](a)."

Defendant's reliance on *Park* is misplaced. In *Park*, the trial court reduced the defendant's prior felony conviction to a misdemeanor, and then dismissed the conviction. (*Park*, *supra*, at 56 Cal.4th p. 787.) Defendant's prior conviction was reduced to a misdemeanor under section 17, subdivision (b)(3), which provides, "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail …, it is a misdemeanor for all purposes … [¶] … [¶] [w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation … declares the offense to be a misdemeanor."

Our Supreme Court held the conviction no longer qualified as a prior serious felony within the meaning of section 667, subdivision (a), and could not be used to enhance the defendant's sentence for crimes he subsequently committed. (*Park*, *supra*, 56 Cal.4th at p. 787.) Critically, however, the trial court's reduction and dismissal of the prior felony conviction occurred *before* the defendant was sentenced for any new crimes.

Here, assuming defendant files a petition for reclassification of his prior felonies, the reduction will have occurred *after* he has already committed, been convicted, and begun serving a sentence for his current crimes. His sentence has already been enhanced based on his prior offenses. The *Park* court considered this scenario and stated, "There is no dispute that … defendant would be subject to the section 667[, subdivision ](a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Park*, *supra*, 56 Cal.4th at p. 802.) Thus, *Park* actually undermines defendant's argument.

Contrary to defendant's assertion, the "for all purposes" language in section 1170.18 does not compel a contrary conclusion. Section 1170.18, subdivision (k) provides the following, in pertinent part: "Any felony conviction that is … designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all

7.

purposes ….” The phrase “for all purposes” is identical to language in section 17, subdivision (b).

Under section 17, subdivision (b), when the court exercises its discretion to sentence a wobbler as a misdemeanor, “it is a misdemeanor for all purposes.” However, the “misdemean[or] status [is] not … given retroactive effect.” (*People v. Moomey* (2011) 194 Cal.App.4th 850, 857.) So, while an offense may be a misdemeanor “for all purposes,” it is not a misdemeanor “for all times.” The trial court’s declaration that a wobbler is a misdemeanor simply makes the offense a misdemeanor from that point on.

We presume the voters “‘intended the same construction’ for the language in section 1170.18, subdivision (k), ‘unless a contrary intent clearly appears.’” (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1100.) However, nothing in the language of section 1170.18 or the ballot materials reflects a contrary intent. (*Rivera*, at p. 1100.) Indeed, the Act does not address the striking of past sentence enhancements at all. Accordingly, section 1170.18, subdivision (k)’s language, “for all purposes,” applies, at most, prospectively to preclude future or nonfinal sentence enhancements based on felony convictions redesignated as misdemeanors under the Act.

Second, defendant argues that pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), he is entitled to a presumption of retroactivity, notwithstanding section 3, which specifies no portion of the Penal Code “is retroactive, unless expressly so declared.” He contends *Estrada* sets forth the following rule: “[U]nless there is a savings clause, a defendant is generally entitled to the benefit of a more recent statute mitigating the punishment for the offense.”

As noted, section 3 specifies no part of the Penal Code “is retroactive, unless expressly so declared.” *Estrada* did set forth a qualification to the prospective presumption of section 3, stating, “When the Legislature [or electorate] has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature [or electorate] intended the amended statute

8.

to apply to all defendants whose judgments are not yet final on the statute's operative date." (*People v. Brown* (2012) 54 Cal.4th 314, 323, fn. omitted.)

Although *Estrada*'s language is broad, the California Supreme Court has emphasized *Estrada* is narrowly applied (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1196): "*Estrada* is today properly understood, not as weakening or modifying the default rule of prospective operation codified in section 3, but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative [or voter] act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments." (*People v. Brown, supra*, 54 Cal.4th at p. 324.)

The question of whether section 1170.18 was intended to have a retroactive application is ultimately a question of voter intent. (*People v. Shabazz, supra*, 237 Cal.App.4th at pp. 312–313.) In other words, did the voters intend for previously imposed sentence enhancements to be altered as a result of the Act? In light of the purpose of prior prison term enhancements and the voters' intent in passing Proposition 47, we conclude the answer is no.

Section 667.5 is a recidivist enhancement, intended to punish hardened criminals who are undeterred by the fear of prison. (*In re Preston* (2009) 176 Cal.App.4th 1109, 1115.) Accordingly, the enhancement primarily focuses on the service of a prison term, rather than the designation of the offense that resulted in the prison term.

On the other hand, the stated purpose of Proposition 47 is to "[a]uthorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses" that would be made misdemeanors by the Act, and to "[r]equire a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subds. (4), (5), p. 70.) While neither Proposition 47 nor the Act's ballot materials address section 667.5 or recidivist

9.

enhancements generally, ballot materials indicate voters were assured that if the initiative was passed, dangerous criminals would remain locked up, and there would be no automatic release of criminals. (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, § 3, subds. (4), (5), p. 70; *id.*, rebuttal to argument against Proposition 47, p. 39.) A person who refuses to reform even after serving time in prison is clearly more dangerous than someone who merely possesses drugs for personal use or commits petty theft.

We conclude that based on the language of section 1170.18 and the voter's intent in passing the initiative, Proposition 47 does not apply retroactively to alter sentence enhancements imposed *before* an offense is reclassified under the Act. As a result, we reject defendant's claim that he is entitled to have his prior prison term enhancements stricken because his prior felony convictions may be reduced to misdemeanors under Proposition 47. This opinion does not speak to any other relief defendant may be entitled to under Proposition 47.

**DISPOSITION**

The judgment is affirmed.

10.