Filed 7/26/16  P. v. Dominguez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PRISCILLA LYNN DOMINGUEZ,<br><br>Defendant and Appellant. | F069951<br><br>(Super. Ct. No. F14902253)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  John J. Gallagher, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Gomes, Acting P.J., Detjen, J., and Franson, J.

Priscilla Lynn Dominguez appeals from her felony conviction for petty theft with a prior. She seeks remand of the case to the trial court with instructions to recall her sentence and to hold a resentencing hearing pursuant to Penal Code[1] section 1170.18 to resentence her to a misdemeanor. She also challenges two conditions of mandatory supervised release imposed by the trial court, one regarding drugs and one regarding gang affiliation. We reject Dominguez's request for remand, modify the supervised release condition regarding drugs, and strike the condition regarding gang affiliation. In all other respects, we affirm the judgment.

## *PROCEDURAL HISTORY*[2]

A felony complaint filed in the Fresno County Superior Court charged Dominguez with one count of petty theft with a prior. (§ 666.) The complaint further alleged that Dominguez had five prior theft-related convictions and had served a prior prison term within the meaning of section 667.5. Pursuant to a plea agreement, Dominguez pled no contest to the count of petty theft with a prior in exchange for a negotiated 16-month split sentence (eight months in custody and eight months on mandatory supervised release) and dismissal of the prior prison-term allegation.

On July 7, 2014, Dominguez was sentenced in accordance with the plea agreement to eight months in the Fresno County Jail, followed by eight months of mandatory supervised release, and was remanded into custody the same day. (§ 1170, subd. (h)(5).)

The court imposed various conditions of probation/supervised release,[3] including one pertaining to drugs and narcotics and one regarding gang affiliation. Regarding

---

[1]Subsequent statutory references are to the Penal Code unless otherwise specified.

[2]On account of Dominguez's early plea, we have limited information about the facts of the offense.

[3]Although the trial court imposed conditions of supervised release, we hereafter refer to the conditions as probation conditions as that is the term used in the parties' briefs.

drugs and narcotics, the court ordered as follows: "Do not use or possess or associate with those who use or possess any dangerous drugs or narcotics, and do not use or possess any dangerous drugs or narcotics without a lawful prescription." As to gang affiliation, the court ordered as follows: "Do not be involved in or associate with any person known to you to be a gang (meaning 'a criminal street gang' as defined in Penal Code Section[s] 186.22e and 186.22f) member. Do not wear or possess any item known to be such by you including any gang insignia, moniker or pattern, jewelry with gang significance, nor display insignia, moniker or other markings of gang significance known to be such by you on your person or property as may be identified by law enforcement or the Probation Officer, except that you shall not be required to remove the tattoos on your body that existed at the time of sentencing."

## *DISCUSSION*

### I.  *Proposition 47*

Dominguez argues she is entitled to relief under Proposition 47 with respect to her felony conviction and sentence for the crime of petty theft with a prior and seeks a remand to the trial court for this purpose. She points out she is not requesting automatic resentencing or reduction of her offense to a misdemeanor, but rather seeking a remand to the trial court for a hearing on the merits of her Proposition 47 claims. In light of the pendency of the instant appeal, she has not filed a petition seeking the desired relief in the trial court. This court recently addressed a similar claim and clarified that a defendant in Dominguez's position must petition the trial court in the first instance after judgment in the case becomes final. (*People v. Bradshaw* (2016) 246 Cal.App.4th 1251, 1257.) Accordingly, Dominguez must petition the trial court for relief under Proposition 47 once the judgment in this matter is final.

On November 4, 2014, voters approved Proposition 47, which became effective the next day. (Cal. Const., art. II, § 10, subd. (a); *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Among other things, Proposition 47 reclassified as straight

3.

misdemeanors certain theft- and drug-related offenses that previously were wobblers[4] and provided remedies for persons previously convicted of felonies that it reclassified as misdemeanors. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092-1093.)

Proposition 47 amended section 666, the petty-theft-with-a-prior statute under which Dominguez was convicted. "[U]nder Proposition 47, a violation of section 666 can be a felony only if: (1) the current conviction is for petty theft, (2) the defendant has served a term of imprisonment for certain specified felonies, including robbery, and (3) the defendant is required to register as a sex offender or has a prior conviction for a violent or serious felony offense listed in section 667, subdivision (e)(2)(C)(iv), or for elder abuse in violation section 368, subdivision (d) or (e)."[5] (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1330 (*Diaz*); see § 666, subds. (a) & (b).) Furthermore, Proposition 47 added section 490.2, which specifies that any theft where the value of the property taken is less than $950 shall be considered petty theft and punished as a misdemeanor unless the defendant is required to register as a sex offender or has a prior conviction for a violent or serious felony listed in section 667, subdivision (e)(2)(C)(iv).

---

[4]The term "wobbler" refers to offenses that can be charged and punished as either felonies or misdemeanors.

[5]As amended, section 666 provides: "(a) Notwithstanding Section 490, any person described in subdivision (b) who, having been convicted of petty theft, grand theft, a conviction pursuant to subdivision (d) or (e) of Section 368, auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496, and having served a term of imprisonment therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, and who is subsequently convicted of petty theft, is punishable by imprisonment in the county jail not exceeding one year, or in the state prison. [¶] (b) Subdivision (a) shall apply to any person who is required to register pursuant to the Sex Offender Registration Act, or who has a prior violent or serious felony conviction, as specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667, or has a conviction pursuant to subdivision (d) or (e) of Section 368. [¶] (c) This section shall not be construed to preclude prosecution or punishment pursuant to subdivisions (b) to (i), inclusive, of Section 667, or Section 1170.12."

Dominguez argues that, under section 666, as amended, and section 490.2, her offense would be a misdemeanor, and consequently she is eligible for the remedies provided by Proposition 47.

Proposition 47 includes "procedures for relief" for two classes of persons: (1) "persons currently serving sentences for a felony conviction that would be a misdemeanor under Proposition 47" and (2) "persons who have already completed a sentence" for a felony that was reduced to a misdemeanor by the proposition. (*Diaz, supra,* 238 Cal.App.4th at pp. 1328-1329.) The procedures for relief applicable to both classes of persons are specified in section 1170.18, which was added by Proposition 47. (See *People v. Davis* (2016) 246 Cal.App.4th 127, 134, review granted July 13, 2016, S234324.)

Under section 1170.18, subdivision (a), a person currently serving a sentence for a felony conviction that would be a misdemeanor under Proposition 47 may petition the trial court for recall of the sentence and request resentencing to a misdemeanor. "The procedure for ruling on a petition for recall requires the trial court to determine whether the prior conviction would be a misdemeanor under Proposition 47, in which case 'the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*Diaz, supra,* 238 Cal.App.4th at p. 1329.)

Under section 1170.18, subdivision (f), a person who has completed serving a sentence for a felony offense that was reduced to a misdemeanor by Proposition 47 may file an application before the trial court to have his conviction designated as a misdemeanor. (*Diaz, supra,* 238 Cal.App.4th at p. 1329.) "No hearing on the application is required '[u]nless requested by the applicant' (§ 1170.18, subd. (h)), and '[i]f the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor.' (§ 1170.18, subd. (g).)" (*Ibid.*)

5.

Thus, for persons who are currently serving a sentence for a felony reduced by Proposition 47, as well as for those who have completed a sentence for such an offense, "the remedy lies in the first instance by filing a petition to recall (if currently serving the sentence) or an application to redesignate (if the sentence is completed) in the superior court of conviction."[6] (*Diaz, supra,* 238 Cal.App.4th at pp. 1331-1332; see also *People v. Awad* (2015) 238 Cal.App.4th 215, 221-222 [§ 1170.18 vests trial court, not appellate court, with authority to resentence person still serving felony sentence to misdemeanor]; *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 925, 929-930 [defendant seeking resentencing under Prop. 47 must file petition for recall of sentence in trial court once underlying judgment is final]; *People v. Shabazz* (2015) 237 Cal.App.4th 303, 313-314 [defendant limited to statutory remedy set forth in § 1170.18, which requires defendant who has completed felony sentence to file application in superior court for redesignation of crime].)

---

[6]"For both a petition to recall a sentence under section 1170.18, subdivision (a) and an application to designate a prior felony conviction as a misdemeanor under section 1170.18, subdivision (f), the following provisions of section 1170.18 apply: (1) the 'petition or application under this section shall be filed within three years after the effective date of the act that added this section or at a later date upon a showing of good cause' (§ 1170.18, subd. (j)); (2) '[i]f the court that originally sentenced the petitioner is not available, the presiding judge shall designate another judge to rule on the petition or application' (§ 1170.18, subd. (*l* )); (3) the procedure 'shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290' (§ 1170.18, subd. (i)); and (4) '[a]ny felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes ….,' except for the right to own or possess firearms (§ 1170.18, subd. (k))." (*Diaz, supra,* 238 Cal.App.4th at p. 1329.)

Depending on Dominguez's status,[7] in order to avail herself of the remedies provided under Proposition 47, she must file in the trial court either a petition for resentencing or an application to re-designate her offense, once judgment in this case is final.[8]  (*People v. Scarbrough, supra,* 240 Cal.App.4th at pp. 925, 929-930; *People v. Shabazz, supra,* 237 Cal.App.4th at pp. 313-314.)

## II.     *Probation conditions*

### A.     *Probation condition regarding drugs and narcotics*

Dominguez next challenges as unconstitutional a probation condition imposed by the trial court as follows:  "Do not use or possess or associate with those who use or possess any dangerous drugs or narcotics, and do not use or possess any dangerous drugs or narcotics without a lawful prescription."  We review such constitutional challenges de novo.  (*In re Shaun R*. (2010) 188 Cal.App.4th 1129, 1143.)

Dominguez argues that the probation condition is unconstitutional because its no-contact provision lacks a knowledge element.  The People agree that the probation condition "should be modified to [add] that [Dominguez] is not to associate with persons whom *she knows* use or possess dangerous drugs and/or narcotics."  (Italics added.)  We concur with both parties and order the insertion of a knowledge requirement in the no-contact provision of the probation condition, as specified in our disposition below.[9]  (See *People v. Garcia* (1993) 19 Cal.App.4th 97, 102 [modifying no-contact probation condition to prohibit *knowing* contacts].)

---

[7]Although Dominguez appeared to be serving her sentence when this appeal was briefed, her sentence may well be completed by the time the remittitur issues and the case returns to the trial court.

[8]Dominguez's arguments regarding the retroactive application of Proposition 47, accordingly, are premature.

[9]We note that a related issue regarding the necessity of modifying a no-contact probation condition to explicitly include a knowledge element is presently pending before our Supreme Court in *In re A.S*. (2014) 227 Cal.App.4th 400, review granted September 24, 2014, S220280.

Dominguez argues that the probation condition must be further modified so as to prohibit the use or possession of substances that *she knows* are dangerous drugs or narcotics. The People counter that such a knowledge requirement is implicit in the statute, obviating the need for the modification requested by Dominguez. Both parties thus agree that the probation condition, in effect, prohibits only the knowing use or possession of dangerous drugs or narcotics.

Dominguez does not assert the condition is unconstitutionally vague. She merely asserts that, without the express-knowledge requirement, the condition is "patently unconstitutional." Since a trial court may not revoke probation unless the defendant willfully violated the terms and conditions of probation (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1186), the addition of an express-knowledge requirement is unnecessary.[10]

### B. *Probation condition regarding gang affiliation*

In her final claim, Dominguez contends the trial court imposed an invalid probation condition in ordering her not to knowingly associate with gang members or possess or display gang-related paraphernalia. The People concede this condition is invalid for the reasons discussed in *People v. Brandão* (2012) 210 Cal.App.4th 568 (*Brandão*). We agree with the parties.

We generally review challenges to probation conditions for abuse of discretion and will uphold the trial court's broad discretion so long as a challenged condition relates to criminal behavior generally, the defendant's crime, or future criminality. (*People v. Lent* (1975) 15 Cal.3d 481, 486, superseded by statute on another ground in *People v.*

---

[10]Closely related questions are currently pending before our Supreme Court in *People v. Hall* (2015) 236 Cal.App.4th 1124, review granted September 9, 2015, S227193, and *People v. Gaines* (2015) 242 Cal.App.4th 1035, review granted February 17, 2016, S231723.

8.

*Wheeler* (1992) 4 Cal.4th 284, 290-295; *People v. Olguin* (2008) 45 Cal.4th 375, 379-380.)

In *Brandão*, the reviewing court struck a no-gang-contact probation condition because the condition involved noncriminal conduct, had no relationship to the crime for which the defendant was convicted, and was not reasonably related to future criminality. As to the last factor, the court found the condition was not reasonably related to future criminality because "the record divulges (1) no ties between defendant and any criminal street gang, (2) no such ties involving any member of defendant's family, and (3) no criminal history showing or strongly suggesting a gang tie." (*Brandão*, *supra*, 210 Cal.App.4th at p. 576.)

The parties agree that the instant record is analogous to the record in *Brandão* in that there is no basis to link Dominguez to gang activity. The People, in turn, concede that the probation condition prohibiting gang contacts and paraphernalia is "not reasonably related to the deterrence of future criminality" and "should be stricken."

Since the probation condition prohibiting gang contacts and paraphernalia encompasses noncriminal conduct, has no connection to Dominguez's crime, and is not reasonably related to future criminality, it is stricken.

### *DISPOSITION*

Probation condition No. 36 is modified to provide as follows: "Do not knowingly associate with any person who uses or possesses any dangerous drugs or narcotics." Probation condition No. 43 is stricken. The trial court is directed to modify the judgment accordingly. The judgment is affirmed in all other respects, without prejudice to Dominguez's right to petition the trial court for resentencing or redesignation pursuant to section 1170.18.