Filed 9/12/16  P. v. Farias CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEPHANIE ASHLEY FARIAS,<br><br>    Defendant and Appellant. | F072032<br><br>(Super. Ct. Nos. F14901100 & F14903350)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Timothy A. Kams, Judge.

S. Lynne Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

As part of a plea bargain, on May 13, 2014, appellant Stephanie Ashley Farias pled to four felony counts and a misdemeanor, with a three-year sentencing "lid" and no initial state prison term. Farias was placed on felony probation, which eventually was revoked on June 2, 2015, and the trial court imposed a term of incarceration. Farias asserts the trial court erred in imposing a felony sentence on two counts, receiving stolen property and unlawful acquisition of credit card information, because Proposition 47 sentencing applies and there is insufficient evidence the offenses involved a value of over $950. We conclude the trial court did not err and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On January 31, 2014, a felony complaint was filed as case No. F14901100, charging Farias in counts 1 and 2 with identity theft with a prior conviction (Pen. Code,[1] § 530.5, subd. (c)(2)); count 3 charged unlawful acquisition of credit card information (§ 484e, subd. (d)); count 4 charged receiving stolen property (§ 496, subd. (a)); and in count 5 with forgery (§ 475, subd. (b)). It also was alleged as to count 1, that Farias committed the offense while on bail or own recognizance release status in violation of section 12022.1.

Farias failed to appear for arraignment and a bench warrant was issued on February 26, 2014. On April 14, 2014, Farias was returned to the jurisdiction of the court and remanded into custody.

On April 14, 2014, another complaint was filed against Farias and co-defendants as case No. F14903350. Farias was charged in count 3 of this complaint with possession of a deadly or dangerous weapon, specifically a sawed-off shotgun, in violation of section

---

[1]     References to code sections are to the Penal Code unless otherwise specified.

33215; and in count 4 with misdemeanor resisting arrest, a violation of section 148, subdivision (a)(1).

On May 13, 2014, Farias entered into a plea bargain that involved the charges in both cases. The trial court went through the felony advisement, waiver of rights, and plea form with Farias in court, verifying that Farias had read and understood the form; understood and was waiving her constitutional rights; and had discussed the form and the plea with defense counsel. Farias pled no contest to felony charges in counts 1, 3, and 4 in case No. F14901100 and admitted suffering a prior conviction. In case No. F14903350, Farias pled no contest to the felony charged in count 3, possession of a deadly or dangerous weapon.

In exchange for Farias pleading to the various counts, the People agreed to a three-year sentencing lid in case number F14901100, dismissal of another unrelated criminal case filed against Farias, 365 days of custodial time to be served locally, no initial prison commitment, and an in-patient treatment program.

After the trial court accepted Farias's plea to the various counts, the People moved to dismiss the remaining counts and allegations, which the trial court granted. The People asked that Farias be remanded pending sentencing. The trial court remanded Farias with no bail, in light of the fact that she had failed to appear previously in court, had "picked up new charges while she was out," and had substance abuse issues.

At the June 13, 2014, sentencing hearing in case No. F14901100, the trial court placed Farias on felony probation for a period of 36 months pursuant to section 1203.03, conditioned upon serving 365 days in the county jail. In case No. F14903350, the trial court imposed a concurrent term of 365 days in the county jail. Numerous other terms and conditions of probation were imposed. In addition, the trial court authorized Farias to be transported to an approved in-patient substance abuse treatment program when space became available.

On November 25, 2014, the probation department filed a petition to revoke probation after Farias failed to appear for probation appointments and failed to enter the in-patient treatment program. The petition asked that a no-bail warrant be issued. On January 20, 2015, Farias was returned to the jurisdiction of the court. On February 24, 2015, Farias admitted violating probation and the trial court reinstated probation.

On April 24, 2015, the probation department filed a second petition seeking that probation be revoked; Farias had failed to drug test as ordered and failed to report to the probation department as required. Again, the probation department requested a no-bail warrant be issued.

On June 2, 2015, Farias admitted violating the terms of her probation. The trial court then revoked probation and imposed a term of incarceration in the county jail. In case No. F14901100, Farias was ordered to serve a term of three years for the identity theft with a prior conviction; concurrent terms were imposed for the other convictions in that case. In case No. F14903350, the trial court imposed a consecutive term of eight months for the possession of a deadly weapon conviction. Custody credits of 269 days were awarded, credited to each case.

Farias did not obtain a certificate of probable cause and both parties briefed only sentencing issues. We therefore construe the notice of appeal as an appeal from the sentence or other matters occurring after the plea.

Farias filed a notice of appeal on July 17, 2015.

## DISCUSSION

Farias contends the trial court erred in sentencing on June 2, 2015. Specifically, she contends that Proposition 47 went into effect prior to June 2, 2015, and that the sentencing provisions of Proposition 47 should have applied to her sentencing hearing. Consequently, she contends the evidence is insufficient to support a felony sentence on the receiving stolen property conviction, a violation of section 496, and unlawful acquisition of credit card information conviction, a violation of section 484e, because the

4.

evidence does not establish that the dollar value involved in each of these offenses was $950 or greater.

*Proposition 47*

Proposition 47 was enacted on November 4, 2014, and became effective the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 renders certain drug- and theft-related offenses as misdemeanors; these offenses had previously been designated as either felonies or "wobblers," meaning they could be charged as a felony or a misdemeanor offense. Proposition 47 also created a new statutory provision whereby a person serving a felony sentence for a reclassified offense can petition for a recall of his or her sentence. (§ 1170.18, subd. (a).) Section 1170.18, subdivision (a) lists those offenses which potentially are eligible for reclassification as a misdemeanor; section 496 is listed; section 484e is not.

As this court explained in *People v. Bradshaw* (2016) 246 Cal.App.4th 1251, 1257 (*Bradshaw*), persons seeking to avail themselves of the benefits of Proposition 47 must first file a petition in the superior court. For defendants who are currently serving a sentence for a felony reduced by Proposition 47, as well as for those who have completed a sentence for such an offense, "the remedy lies in the first instance by filing a petition to recall (if currently serving the sentence) or an application to redesignate [or reclassify] (if the sentence is completed) in the superior court of conviction." (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1331-1332; see *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 925, 929-930 [defendant seeking resentencing under Prop. 47 must file petition for recall of sentence in trial court once underlying judgment is final]; see also *People v. Shabazz* (2015) 237 Cal.App.4th 303, 313-314 [defendant limited to statutory remedy set forth in § 1170.18, which requires a defendant who has completed felony sentence to file an application in the superior court for reclassification].)

*Analysis*

5.

Farias did not object at the time of the June 2, 2015, revocation of probation hearing to the convictions being treated as felony convictions; she had pled to felony convictions. Farias apparently contends she was excused from raising the issue or bringing a petition in the trial court because Proposition 47 was already in effect prior to the date of this hearing and she contends "sentence" was imposed on June 2, 2015, and Proposition 47 applies to all whose judgments are not yet final. We reject this assertion for two reasons.

First, persons on probation for a felony, as Farias was, are "'currently serving a sentence'" for purposes of Proposition 47. (*People v. Davis* (2016) 246 Cal.App.4th 127, 132.) Second, there is no automatic resentencing under Proposition 47, and it is "not automatically applicable to those whose judgments are not yet final." (*Bradshaw*, *supra,* 246 Cal.App.4th at p. 1257.) Therefore, the trial court did not err at the June 2, 2015, probation revocation hearing.

Furthermore, it is Farias who has the initial burden of proving her eligibility, should she file a petition for recall of sentence and resentencing. Farias has the initial burden of proving that the two challenged offenses are offenses designated by Proposition 47 for relief; and that the value of the property in the offenses did not exceed $950 and therefore the offenses qualify for treatment as misdemeanors under Proposition 47. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878; *People v. Bush* (2016) 245 Cal.App.4th 992, 1007-1008.)

*Conclusion*

Proposition 47 does not automatically reduce the two felony convictions to misdemeanors. The sole remedy available to Farias is to file an application in the trial court pursuant to section 1170.18 for recall of sentence and resentencing. (*People v. Shabazz, supra,* 237 Cal.App.4th at p. 313.) Farias essentially asks this court to re-designate her convictions to misdemeanors in the first instance, without having filed a petition in the trial court. That is not our role.

Section 1170.18 provides that the trial court must make a determination as to whether the defendant meets the statutory criteria for resentencing, including whether the value of the property in each offense was less or more than $950. Section 1170.18, subdivision (b) provides that if a defendant meets the criteria, the trial court must recall and resentence, unless in the discretion of the trial court, doing so would pose an unreasonable risk of danger to public safety. These factual findings must be made initially by the trial court; appellate courts do not make factual findings. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 891-892.)

Section 1170.18 simply does not permit this court to grant relief in the first instance, or the trial court to grant relief in the absence of a section 1170.18 petition. (*People v. Diaz, supra,* 238 Cal.App.4th at pp. 1331-1332.)

**DISPOSITION**

The judgment is affirmed without prejudice to Farias seeking relief pursuant to section 1170.18 in the trial court.

7.