Filed 9/27/16  P. v. Rios CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F071496 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. BF108409B) |
| JORGE RIOS, II, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Michael B. Lewis, Judge.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Kane, Acting P.J., Franson, J. and Smith, J.

**INTRODUCTION**

In 2004, appellant Jorge Rios, II, was convicted of receiving stolen property and possession of a controlled substance. In 2015, Rios filed a petition to reduce these two convictions to misdemeanors, pursuant to Penal Code[1] section 1170.18, subdivision (f). The trial court granted the petition as to the possession of a controlled substance conviction, but denied it as to the receiving stolen property conviction on the grounds the value of the items exceeded $950. Rios appeals, contending the trial court erred in denying the petition as to the receiving stolen property conviction. We affirm.

**FACTUAL AND PROCEDURAL SUMMARY**

On December 3, 2004, Rios pled no contest to one felony count of receiving stolen property, in violation of section 496, subdivision (a), and one felony count of possession of a controlled substance, methamphetamine, a violation of Health and Safety Code section 11377, subdivision (a). The receiving stolen property count involved a 1992 Ford Explorer and a floor jack. On January 3, 2005, Rios was sentenced to a term of 16 months in prison on each count, to run concurrently.

On February 11, 2015, Rios filed a petition pursuant to section 1170.18. The petition stated that Rios had completed his sentence and was seeking to reduce his 2004 convictions to misdemeanors. No documents addressing the dollar value of the property in the receiving stolen property conviction were attached to the petition.

A hearing on the petition was held on April 10, 2015. At that hearing, defense counsel stated that the police report "lists losses of $300 and recovered $300 so it does appear under $950." Rios presented no other evidence or information as to the value of the items; the police report was not offered into evidence.

The People responded that they were unable to obtain a 2004 Kelley Blue Book to ascertain the value of the Ford Explorer as of 2004; however, the 2015 Kelley Blue Book

---

[1] References to code sections are to the Penal Code unless otherwise specified.

value of an "average" 1992 Ford Explorer was $943. Therefore, the People's position was that the $300 value referred to by defense counsel was for the floor jack; the value of the car in 2004 would have exceeded $950; and this conviction was not eligible for reduction to a misdemeanor. There was no objection raised to the People submitting evidence of the value of the car without providing any documentary proof.

The trial court granted the petition as to the possession of a controlled substance conviction, but denied the petition as to the receiving stolen property conviction. Rios filed a notice of appeal on April 22, 2015.

## **DISCUSSION**

Rios contends the trial court erred in denying his petition as to the receiving stolen property count because, he alleges, the People bore the burden of proving the value of the property exceeded $950. Rios also contends that if he bore the burden of proof, the trial court erred because he satisfied his burden of proof.

### *Proposition 47*

Proposition 47 was enacted on November 4, 2014 and became effective the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 renders certain drug- and theft-related offenses as misdemeanors; these offenses had previously been designated as either felonies or "wobblers," meaning they could be charged as a felony or a misdemeanor offense. Proposition 47 also created a new statutory provision whereby a person serving a felony sentence for a reclassified offense can petition for a recall of his or her sentence. (§ 1170.18, subd. (a).) A person who has completed serving their felony sentence is eligible to petition for redesignation of the conviction as a misdemeanor under section 1170.18, subdivision (f).

As this court explained in *People v. Bradshaw* (2016) 246 Cal.App.4th 1251 (*Bradshaw*), persons seeking to avail themselves of the benefits of Proposition 47 must first file a petition in the trial court. (*Bradshaw, supra,* at p. 1257.) For defendants who are currently serving a sentence for a felony reduced by Proposition 47, as well as for

3.

those who have completed a sentence for such an offense, "the remedy lies in the first instance by filing a petition to recall (if currently serving the sentence) or an application to redesignate [or reclassify] (if the sentence is completed) in the superior court of conviction." (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1331-1332; see *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 925, 929-930 [defendant seeking resentencing under Prop. 47 must file petition for recall of sentence in trial court once underlying judgment is final]; see also *People v. Shabazz* (2015) 237 Cal.App.4th 303, 313-314 [defendant limited to statutory remedy set forth in § 1170.18, which requires a defendant who has completed felony sentence to file an application in the trial court for reclassification].)

### *Burden of Proof*

As the moving party, Rios has the initial burden of proving his eligibility for relief under section 1170.18. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.) This includes the burden of proving that the value of the property in the receiving stolen property offense did not exceed $950 and therefore the offense qualifies for treatment as a misdemeanor under Proposition 47. (*People v. Sherow, supra,* at pp. 879-880; *People v. Bush* (2016) 245 Cal.App.4th 992, 1007-1008.)

Evidence Code section 115 provides that unless otherwise specified, the burden of proof is by a preponderance of the evidence. Section 1170.18 does not specify otherwise. The trial court determines if a defendant is eligible for resentencing or redesignation of a conviction using the preponderance of the evidence standard. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040.)

Where a defendant is seeking reclassification of an offense based upon the value of the stolen property not exceeding $950, the defendant must attach information or evidence necessary to enable the trial court to determine value and thus, eligibility for redesignation as a misdemeanor. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137.)

4.

*Analysis*

Although the parties stipulated to a factual basis for the plea in 2004, there was no information provided as to the combined value of the vehicle and floor jack at the time Rios entered his plea. Neither was any information provided as to the value at the sentencing hearing. No information on the value was attached to the section 1170.18 petition. Rios did not offer any testimony at the section 1170.18 hearing.

The only purported evidence offered by Rios as to the value of the vehicle and floor jack at the hearing on the petition was defense counsel's reference to the contents of a police report; the police report itself was not provided. The accuracy of information in a police report, however, is not subject to judicial notice. (*People v. Jones* (1997) 15 Cal.4th 119, 171 & fn. 17.)

We acknowledge there was no formal objection to defense counsel's referring to the purported value in the police report, but the People did dispute the value by referencing valuation of the vehicle in 2015 as determined by the Kelley Blue Book, also without objection by the defense. The 2015 Kelley Blue Book value for an "average" 1992 Ford Explorer, as reported by the People, was $943.[2]

The record discloses that Rios offered no competent evidence establishing that the value of the stolen property he received in 2004 was less than $950. The record of conviction at the time of the plea and at sentencing is silent as to value. Consequently, having failed to provide any evidence of value, Rios failed to meet his burden of proof. (*People v. Sherow*, *supra*, 239 Cal.App.4th at pp. 878-880.)

Alternatively, based upon the information before it as to value and assuming the trial court considered both the statements from defense counsel and the People, the trial court reasonably could find that the preponderance of the evidence did not support a

---

[2]    We note that the private sale value of a 1992 Ford Explorer in 2016 is actually $975. (http://www.kbb.com/ford/explorer/1992/sport-utility-2d [as of Aug. 24, 2016].)

5.

finding that the value of the stolen property did not exceed $950.  (*People v. Bush, supra,* 245 Cal.App.4th at p. 1002.)

## **DISPOSITION**

The trial court's April 10, 2015 order on Rios's section 1170.18 petition is affirmed.